*359
 
 Selden, J.
 

 There is often great difficulty in determining, in regard to bequests of stocks or other securities having a definite and fixed pecuniary value, whether the testator intended to give the specific security mentioned in the will, or a sum equivalent to the nominal amount of such security. Inasmuch, however, as the legacy, if specific, is lost, in case the subject of it is disposed of by the testator, or is extinguished by payment or otherwise in his lifetime, courts, proceeding upon the presumption that the testator intended a real benefit to the legatee, incline to consider legacies as general rather than specific, where the language of the bequest will admit of that construction. This reason has a peculiar force in a case like the present, where the legatee named appears to be the primary object of the testatrix’ bounty. But, aside from all considerations of this sort, the idea that this legacy was intended to be specific, appears to me to be excluded by the peculiar phraseology of the will itself. The language is: “I give and bequeath,” &c., not a certain bond and mortgage, but “the sum of $1200, and interest on the same, contained in a bond and mortgage,” &c. The bequest is of a certain sum of money. The bond and mortgage is simply referred to as the source from which the money is to be derived. The form of expression is not one which would naturally be chosen to manifest an intent to make a specific bequest of the bond and mortgage itself. The leading subject of the gift is not the bond and mortgage, but the sum of money
 
 mentioned;
 
 and it could scarcely be claimed, if one-half of the mortgage had been paid in the lifetime of the testatrix, that the bequest was thereby reduced to the sum of $600 instead of $1200.
 

 The legacy therefore is, I think, general, in the sense that it would not have been regarded as adeemed by the assignment of the bond and mortgage, or its extinction in the lifetime of the testatrix. It belongs to a peculiar class of legacies, usually termed demonstrative, which partake so far of the nature of specific legacies, that the security
 
 *360
 
 referred to in the bequest, if in existence, and belonging to the testator at the time of his death, is set apart as a primary fund for the payment of the legacy.
 

 This interpretation is, I think, strengthened by the consideration that the $1200 was given, as I construe the will, to the mother of the testatrix for life only, and after her decease to the plaintiff, the testatrix’ husband. Whatever might be the construction of the two clauses embracing the bequest to the mother, taken by themselves, the words “.all of the above mentioned property,” contained in the gift over to the husband, must, I think, be held to include all that had been given by the previous clauses of the will, taken collectively.
 

 It was never the intention of the testatrix, therefore, to give to her mother the principal of the sum bequeathed, but the income only during her life. The executor and ultimate legatee became, by the provisions of the will, a trustee of the fund during the life of the first legatee. The latter therefore could have no right to collect the principal sum secured by the bond and mortgage, nor any power or control over it, except so far as she was invested with such control by the voluntary act of the executor. But as the interest of the fund would, when paid, belong exclusively to the legatee for life, the executor, by delivering the bond and mortgage to her, must be regarded as having authorized her to receive such interest, as the same should become due.
 

 No such inference, however, can be drawn in respect to the principal, which was not due, and which, in no
 
 court,
 
 would belong to the legatee for life. The mortgagor therefore had a right to pay to the legatee for life the interest upon the mortgage, from time to time, as the same should become due, and to that extent the receipt of the latter would discharge him. Hence, although the acknowledgment of satisfaction by the legatee for life was entirely nugatory, as to the principal of the mortgage, it never
 
 *361
 
 theless afforded sufficient evidence of the payment of interest up to that time, and the court below erred in rejecting it altogether.
 

 The judgment must be reversed, and there must be a new trial, with costs to abide the event.
 

 All the judges concurring,
 

 Judgment reversed and new trial ordered.