MARY WATROUS AND OTHERS, APPELLANTS, v. HELEN M. SMITH AND OTHERS, RESPONDENTS.

*Will — construction of — Legacies — demonstrative and specific.*

A legacy is held to be demonstrative, when the testator has bequeathed a certain sum of money or annuity in such a manner, as to show a clear, separate and independent intention that the money shall be paid to the legatee in all events. In such a case the legacy, or any deficiency, is to be paid out of the general estate, when the primary fund set apart for its payment fails, in preference to other legacies. But when it is clearly the intention of the testator that a fund is to be created by the sale of certain property, and the income of the proceeds of such sale paid to the legatee as a specific legacy, it is the duty of the executors to invest the money arising from the sale of the property mentioned in the will, and pay over to the legatee the income arising from such investment only.

APPEAL from a decree of the surrogate of Wyoming county, on the final settlement and accounting of the executors of Leonard W. Smith, deceased.

*M. H. Peck*, for the appellants.

*James A. Allen*, for the respondents.

E. DARWIN SMITH, J.:

The will of the decedent, Leonard W. Smith, after making several small specific bequests, contains the clause or provision following:

"It is my will and I do hereby direct and authorize and empower my executors hereinafter named, to sell and dispose of my real and personal estate, not herein devised and bequeathed, and convert the same into money as soon as the same can be done without prejudice to the estate; $8,000 to be converted into bonds and mortgages, the interest of which said sum I give and bequeath to my wife, Helen M. Smith, during her widowhood, which is intended in lieu of dower."

What is the proper construction of this provision of the said will, is the question presented to us upon this appeal.

It appears from the proof before the surrogate, that the said Leonard W. Smith died seized of several parcels of real estate in which the respondent was entitled to dower, and which constituted

the bulk of his estate, and that she had accepted the provision made for her in the will in lieu of dower, and that the real and personal estate had been sold and converted into money, and that as appears from the statement of the accounts of the executors, as settled in the decree of the surrogate, after paying the debts and funeral expenses and the expenses of administration, there remained in the hands of the executors only the sum of $5,865.20 for investment in bonds and mortgages under the foregoing provision of the will, and the decree directs that the said executors invest this sum, or so much thereof as remained after the payments ordered in said decree, and keep the same loaned and invested upon interest, to be paid annually to the said Helen M. Smith during her widowhood; and that the said executors with the interest on such loans and investment so to be made as aforesaid, together with so much of the principal thereof as shall from year to year be necessary for that purpose, shall and do pay to the said Helen M. Smith $560 on the fifteenth day of March in each and every year after the date of this decree, so long as the said Helen M. Smith shall remain the widow of the said Leonard W. Smith, deceased.

This appeal is from this portion of the decree, and the construction of the fifth clause of the will upon which it is based. The principle asserted and involved in such decree, is substantially, that said clause was designed to give to the widow. a fixed certain annuity of $560, and this construction of the said will is distinctly asserted in a former part of the decree, as follows: "And it is further ordered, adjudged and decreed that by the terms and provisions of the last will of the said deceased, Helen M. Smith, the widow of the said deceased and one of the legatees named in said will, became entitled to receive annually from the death of said testator, during the period of her widowhood, $560, to be paid to her annually from the death of said testator and from out of the estate of the said deceased." The case contains no opinion of the surrogate, but from the argument of the respondent's counsel addressed to us in support of said decree, I should presume that the said decree was made and based upon the opinion that the said bequest to the widow contained in said clause of the will was a demonstrative legacy or annuity and not a specific legacy.

It is doubtless in many cases, as judges have frequently said,

difficult to determine whether a particular legacy was demonstrative or specific, but the cardinal rule for the construction of all wills is to seek the intention of the testator and to carry such intention into effect. The cases in which the courts have held a legacy to be demonstrative have been those where the testator has bequeathed a certain sum of money or annuity in such a manner as to show a clear, separate and independent intention that the money shall be paid to the legatee in all events. In such case the legacy, or any deficiency, is to be paid out of the general estate where the primary fund set apart for its payment fails, in preference to other legacies. Such were the cases of *Giddings* v. *Seward* (16 N. Y., 365); *Pierrepont* v. *Edwards* (25 id., 128), and such the rule asserted generally in the English cases. (*Dickens* v. *Edwards*, 30 Hare, 275; *Mann* v. *Copland*, 2 Maddock, 223; *Savile* v. *Blacket*, 1 Peere Wms., 778; *Creed* v. *Creed*, 11 Clark & Finnelly, 491; *Gordon* v. *Duff; In re Ward*, 28 Bevan, 519.)

But very clearly, I think, that this was not a legacy of this description. It was, and was designed to be, a specific legacy of the income of securities in bonds and mortgages to the amount of $8,000, if the testator's estate after payment of his debts and funeral expenses and the expenses of administration amounted to that sum; and if not to the income of all the estate remaining, during the life or widowhood of the respondent. This was the clear intent of the testator. The fund was to be created by the sale of all his real and personal estate for that purpose, and was to be in lieu of dower, which was to be absorbed in the fund. Instead of leaving his widow to her dower rights in his real and personal estate, he thought it best to merge it with the whole real and personal estate, and have it invested in bonds and mortgages, and give her a specific legacy of the income of $8,000 from such security, which he doubtless supposed would somewhat exceed that sum.

It was the duty of the executor as soon as possible without sacrifice to the estate, to sell and convert the same into money, and invest in bonds and mortgages the whole excess of the proceeds thus arising, after payment of debts and expenses of administration, and to pay her annually the income or interest arising from such security. This was her legacy, and the executors had no authority to pay her any other moneys under the will.

The widow was the primary legatee, and stood in equity virtually as a purchaser, by reason of the relinquishment of her dower, and her acceptance of the provision made for her by the will. But she could take no portion of the principal. She was entitled to the *income* for life, as if it were in fact dower property duly assigned, but she forfeited it by marriage.

The decree of the surrogate should be reversed, and should be referred back to him, to readjust the accounts of the executors upon the principles herein asserted, without costs of appeal to either party.

Noxon, J., concurs; Mullin, P. J., dissents.

Judgment reversed, and it is referred back to the surrogate to readjust the accounts of the executors upon the principles asserted in the opinion of Justice Smith, without costs of appeal to either party.