GEORGE H. HUMPHREY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF BENJAMIN P. ROBINSON, DECEASED, RESPONDENT, v. MARY A. ROBINSON, RESPONDENT, AND ASA F. ROBINSON AND OTHERS, APPELLANTS.

*Legacy — when specific, and not pecuniary or demonstrative.*

The plaintiff, as executor of the will of Benjamin P. Robinson, deceased, brought this action to secure a judicial construction of a clause of the will, which read as follows:

" *First.* I bequeath to my beloved wife, Mary A. Robinson, the sum of fifty thousand dollars ($50,000), the same to be paid to her by my executors, hereinafter named, immediately after my decease, in manner following, that is to say, by the transfer to her of my stock in the New York Central and Hudson River Railroad, at its par value, as far as the same will go for that purpose, and the residue in cash; and I also give and bequeath to her all of my household furniture and pictures, also a bond and mortgage, bearing date April 1, 1881, executed to me by Rufus A. Sibley and Alexander M. Lindsley to secure the payment of thirty thousand dollars, which said legacies are to be received and accepted by my said wife in full lieu, discharge and satisfaction of her dower interest, and of any and every other claim that she may have in or to my real estate; and I do hereby direct my executors that in the event there should be, for any reason, any delay in paying her the amount hereby bequeathed, to pay to her for her support and maintenance the sum of two hundred and fifty dollars monthly until said legacies shall be paid to her as aforesaid."

Before the death of the testator the thirty thousand dollar bond and mortgage, mentioned and described in the first item of the will and therein bequeathed to his wife, was fully paid to him and was by him discharged, and the testator had disposed of all his stock in the New York Central and Hudson River Railroad

Company. At the time of his death his personal estate was of the value of $112,605, as estimated by the referee before whom this action was tried, including the furniture and pictures, which were of the value of $2,000.

*Held,* that the meaning and effect of the language in the first clause of the will was to give and bequeath the bond and mortgage specifically to the legatee, and that if the testator had remained the owner of the same, up to the time of his death, the legatee could, as a matter of right, have demanded from the executor the transfer of the mortgage to herself, whatever might have been its value at that time.

That the court was unable to find in the remaining provisions of the first clause any provision or direction that fairly indicated an intention on the part of the testator to change or alter the effect or meaning of the words used in making the specific bequest of the bond and mortgage.

APPEAL from a judgment, entered upon the report of a referee, in the office of the clerk of Monroe county, on the 29th day of August, 1888.

The plaintiff is the executor of the last will and testament of Benjamin P. Robinson, and this action is prosecuted for the purpose of securing a judicial construction of the same. The defendant, Mary A. Robinson, is the widow of the testator and a legatee named in the will, and the other defendants, who are the appellants, are the residuary legatees. The clause of the will as to the meaning of which the plaintiff entertained doubts is the first, and is as follows :

" *First.* I give and bequeath to my beloved wife, Mary A. Robinson, the sum of fifty thousand dollars ($50,000), the same to be paid to her by my executors hereinafter named, immediately after my decease, in manner following, that is to say, by the transfer to her of my stock in the New York Central and Hudson River Railroad Company, at its par value, as far as the same will go for that purpose, and the residue in cash ; and I also give and bequeath to her all of my household furniture and pictures ; also, a certain bond and mortgage bearing date April 1, 1881, executed to me by Rufus A. Sibley and Alexander M. Lindsley, to secure the payment of thirty thousand dollars, which said legacies are to be received and accepted by my said wife in full lieu, discharge and satisfaction of her dower interest, and of any and every other claim which she may have in or to my real estate ; and I do hereby direct my executors, in the event that there should be, for any reason, any delay in paying to her the amount hereby bequeathed, to pay to her for her

support and maintenance the sum of two hundred and fifty dollars. monthly until such legacies shall be paid to her as aforesaid."

The testator had no children either at the time of making his will or at the time of his death. At the time of the execution of the will he possessed real estate which he, in one of the clauses of the will, estimated at the value of $30,000, which before his death he had alienated, and at the time of his death he was not seized of any real estate. Before the testator's death the $30,000 bond and mortgage mentioned and described in the first item of the will and therein bequeathed to his wife, the defendant, Mary A. Robinson, was fully paid to him and by him discharged. Before his death the testator had disposed of all of his stock in the New York Central and Hudson River Railroad Company. His personal estate was of the value of $112,605, as estimated by the referee, including the household furniture and pictures, which were of the value of $2,000.

The referee found and determined, as a matter of fact, that it was the intention of the testator, in executing his will, that the full sum of $80,000 should be secured to his wife, Mary A. Robinson, in addition to the household furniture and pictures; and the reference in the first clause of the will to the New York Central Railroad stock, and the mortgage made by Sibley and Lindsley, was for the purpose of indicating the fund which he desired to be appropriated for that purpose; and held, as conclusion of law, that the legacy of $30,000 to his wife was. a pecuniary or demonstrative legacy, and not specific, and that the same was not addeemed by the payment of the bond and mortgage and the discharge of the same of record by the testator; and that she was entitled to receive from the plaintiff, as executor, the full sum of $30,000 out of the general assets of his estate, in addition to the $50,000 mentioned, the said mortgage having been paid up in full. The will bears date the 17th day of January, 1883, and the testator died on the 15th day of March, 1887. The bond and mortgage referred to was dated the 1st day of April, 1881, and was payable in four equal annual installments after the 1st day of April, 1886, and the testator received payment in full in discharge of the mortgage on the 11th of November, 1884. The payment was received by draft for the sum of $30,000, made payable to the order of and indorsed by the testator.

*Garlock & Beach,* for the appellants.

*Henry W. Conkling,* for the appellant William J. Badger.

*Parker & Drake,* for the plaintiff and respondent.'

*Sutherland & Shuart,* for the widow and respondent, Mary A. Robinson.

BARKER, P. J.:

The learned referee held that by the first clause of the will the testator intended to give to his wife the sum of $30,000, being the amount of a bond and mortgage therein referred to, and then owned by him, in addition to the other legacies mentioned in the same clause of the will; that such bequest was not a gift of the debt or obligation secured by the mortgage, but of a specific sum of money equal in amount to the debt to be realized out of the bond and mortgage, which was designated as the source from which the funds were to be realized for its payment. If such was the intention of the testator, then the payment of the bond and mortgage in his lifetime was not an ademption or revocation of the legacy, and the legatee may demand its payment from the executor out of the general assets belonging to his estate.

The residuary legatees dispute the correctness of the construction given the will by the referee, and claim that it defeats the purpose of the testator, which was, as they contend, to give and bequeath to his wife the bond and mortgage as a separate and distinct item of his personal estate as it existed at the time of the making of his will, and nothing more. If this construction expresses the intention of the testator, the legacy was specific, and the payment and satisfaction of the debt in his lifetime was an ademption of the legacy. A specific legacy is a bequest of a particular thing or money specified and distinguished from all other property of the same kind, the title of which would vest in the legatee on the death of the testator with the assent of the executor. It differs from a general or pecuniary legacy in this respect, that if the thing, security or money bequeathed is lost, paid or destroyed in the lifetime of the testator, the legatee will not be entitled to any recompense or satisfaction out of his personal estate; whereas, a general legacy is to be paid out of the assets of the testator, when converted into money, if the same is

.sufficient for that purpose, and in the order prescribed in the will.
(Roper on Legacies, chap. 3, § 1, p. 192.)   In brief, the question
presented is, was this a general or specific legacy within the sense
and meaning of those terms as used by courts and commentators?
In discussing the subject in all cases the intention of the testator is
to prevail, and his purpose is to be derived from a consideration of
all the material provisions of the will construed, and of the extrinsic
circumstances respecting the situation of the testator's family and
estate at the time of making the will, which may be fairly brought
to bear upon the question of intent.   (*Pierrepont* v. *Edwards*, 25
N. Y., 128 ; *Davis* v. *Crandall*, 101 id., 311.)   The general rules
of construction applicable to this class of cases are substantially the
same as those which prevail in all other cases where the intention
of the testator is left in doubt in consequence of the language used
by him in expressing his purpose.   Inasmuch, however, as the
legacy, if specific, is lost in case the subject of it is disposed of by
the testator, or is extinguished by payment or otherwise in his life-
time, it was said by SELDEN, J., in *Giddings* v. *Seward* (16 N. Y.,
365), that " courts proceeding upon the presumption that the testator
intended a real benefit to the legatee, incline to consider legacies
general rather than specific, where the language of the bequest will
admit of that construction."   These observations were repeated by
the court in *Tifft* v. *Porter* (8 N. Y., 521) with some additional
remarks made by JOHNSON, J., viz : " The presumption is stronger
that a testator intends some benefit to a legatee than that he intends
a benefit only upon the collateral condition that he shall remain till
death owner of the property bequeathed.   *   *   *   An intention
of benefit being once expressed, to make its taking effect turn upon
the contingency of the condition of the testator's property being
unchanged, instead of upon the continuance of the same feelings
which, in the first instance, prompted the selection of the legatee,
requires, as it ought, clear language to convey the intention.   The
rule, as settled, accords best with the dictates of experience as to
the probable purposes which actuate men in disposing of their
property by will."   In all the cases bearing on the question whether
the legacy is specific or general, as the rule is stated with uniformity,
that to make a legacy specific it is necessary that it should appear
that it was the clear purpose of the testator to make it such, other-

wise the legacy will be held to be pecuniary or demonstrative. In seeking the intention of the testator in this case we have not failed to keep in mind the canons of construction which we have before stated. The referee, in his opinion, which is printed with the papers, held, in substance, and his decision rests upon the ground that the bequest of the bond and mortgage belongs to that class of legacies commonly called demonstrative.

Such bequests partake so far of the nature of specific legacies that the security referred to in the bequest, if in existence and belonging to the estate of the testator at the time of his death, is set apart as the primary fund for the payment of the legacy; and, if the same has been paid up or otherwise extinguished, the legacy is to be paid out of the assets of the testator's estate as a general legacy. To our minds it seems clear and certain, that the meaning and effect of the language in the first clause of the will was to give and bequeath the bond and mortgage specifically to the legatee, and if the testator had remained the owner of the same up to the time of his death, the legatee could, as a matter of right, have demanded from the executor the transfer of the security to herself, whatever may have been its value at that time. We are unable to find, in the remaining provisions of the first clause of the will any provision or direction that fairly indicates an intention on the part of the testator to change or alter the effect or meaning of the words used in making the bequest of the bond and mortgage. They are in the nature of instructions by the testator to his executor, directing and empowering him to pay the legatee $250 monthly if for any reason there should be any delay on his part in paying over to her the pecuniary legacy in the form and manner as provided in the preceding clause of the will. The words used, " in the event there should be, for any reason, any delay in paying to her the amount hereby bequeathed," evidently refers to the pecuniary bequest of $50,000, for he had given and bequeathed to her that sum "to be paid to her by his (my) executors immediately after his (my) decease." The use of the plural of the word "legacy," as it appears in the clause relative to the making of the payment of $250 monthly, was evidently used by mistake, and if not, then the monthly payment would continue until the gift of the household furniture and pictures were actually transferred to the legatee, which could not

have been the intention of the testator. The testator designed that his widow should realize the interest and income of the bequest of $50,000 immediately after his death, and if for any cause the principal should not be paid over as directed, then, and in that event, the executors were authorized to pay her the sum mentioned monthly, which is equal to the legal rate of interest on the sum bequeathed.

We think it proper to direct a new trial instead of modifying the judgment so as to conform to our views as to the proper construction to be placed upon the will, so that the widow may have an opportunity on the retrial to maintain, if she can, by proper proof, the fact alleged in her answer, that when the bond and mortgage was paid up the proceeds were transferred to her by the testator to be held in her own right and as a part of her individual estate. The referee refused to pass upon this question, as by his construction of the will it became immaterial to determine that issue. We think it also proper to defer a decision upon the other questions until that issue is disposed of.

New trial granted before another referee, with costs to abide the final award of costs.

DWIGHT and CHILDS, JJ., concurred.

Judgment reversed, new trial granted before another referee, with costs of this appeal to abide the final award of costs.