## GLOVER *v.* GLOVER.

*(Supreme Court, General Term, Second Department.   July 22, 1892.)*

WILLS—CONSTRUCTION—GENERAL OR SPECIFIC LEGACIES.

A list of legacies given in a will, among which was one to plaintiff, was preceded by a statement that testator had "at present" certain securities mentioned, amounting to a certain sum, which sum he thereby gave and disposed of, and was followed by a gift of all the residue of his personal estate, "as shown in the foregoing statement," to his wife. The will then mentioned a further sum due testator from a specific source, which, "when this is collected," he disposed of in legacies, one of them to plaintiff, and the remainder of all his personal estate was then given to his wife. *Held,* that the legacies to plaintiff were general, and not specific.

Exceptions from circuit court, Kings county.

Action by George B. Glover against Lucy H. Glover, individually and as executrix of the last will and testament of George B. Glover, deceased, to recover two legacies of $500 and $100, respectively, under testator's will. Judgment was directed for plaintiff, and defendant moves for a new trial on exceptions directed to be heard in the first instance at general term. Exceptions overruled.

Argued before BARNARD, P. J., and DYKMAN, J.

*Jay & Candler, (Flamen B. Candler,* of counsel,) for plaintiff.   *Lord, Day & Lord, (Franklin B. Lord,* of counsel,) for defendant.

BARNARD, P. J.   George B. Glover, defendant's husband, died in China in October, 1885.   On the 9th of July, 1879, he executed a last will and testament in the city of Brooklyn, and on the 19th of June, 1885, he executed an another will at Shanghai, China.   By his last will, made in China, he revokes all wills "heretofore made by me, save and except so much of the will made by me in the United States, in or about the year one thousand eight hundred and seventy, shortly after my marriage to my said wife, as is not inconsistent with the present will; it being my desire and intention that, subject to the provisions of this present will, being in the first instance fully observed and carried out, my said previous will shall still remain in full force."   Both wills were proven as one instrument.   By the first will the testator gave $500 to George B. Glover, the plaintiff, and as to this sum the only question is whether the legacy is a general legacy, or is payable out of certain specific securities. The testator prefaces a list of legacies by a statement that he has "at present" certain securities which are stated in the will, showing a net sum of $30,214. The will then states as follows: "This sum I give, bequeath, and dispose of as follows, to-wit."   The legacies are then bestowed, and "all the rest, residue, and remainder of my personal estate, as shown in the foregoing statement, to my beloved wife, Lucy."   The testator then mentions that he has a further sum due him from the Chinese government, and "when this is collected" he bequeaths and disposes of the amount as specified in the will.   The legatees are then named, and among them the plaintiff is given $100.   The remainder of all testator's personal estate is then given to his wife.   By this will the plaintiff took a general legacy as to the $500.   The testator intended to dispose of all his property, and the enumeration of it in the will did not make the legacy specific.   Plaintiff got no interest in any of the securities named. The case is very similar to *Giddings* v. *Seward,* 16 N. Y. 365.   In that case a bequest of $1,100, and interest upon it, contained in a bond and mortgage described in the will, is held a general legacy, and not subject to ademption by the extinction of the bond and mortgage in testator's lifetime.   So in *Tifft* v. *Porter,* 8 N. Y. 516, a gift of bank stock in different proportions to two legatees was held general, without a statement that the shares were to be taken from those owned at his death.   The proof established that the debt due the testator from the Chinese government was paid to him in his lifetime.

It was also proven that the executrix had received and there was in her hands enough to pay both legacies. to the plaintiff. There is no good ground to question the appropriation of the estate by defendant individually. She denies that there are any legacies due to the plaintiff, and avers that she has not appropriated the estate, except so far as the same has been bequeathed by her. She claims the estate to have been given to her by a gift of the securities named in the first will. Code, § 1819.

Judgment should therefore be affirmed, with costs.