## HOPKINS *v.* GOURAUD.

*N. Y. Superior Court ; General Term, April,* 1893.

*Will; direction to pay off mortgage from proceeds of another mort-gage owned by testator ; ademption.*] Testatrix devised certain premises in Forty-sixth street, owned by her to her sons, and by a subsequent provision of the will, ordered and directed that any mortgage that might be upon said premises, be paid by her executor " out of the proceeds of the mortgage held by me on the premises " in East Broadway. At the date of the will, the Forty-sixth street property was subject to two mortgages for $10,000 and $3,500 respectively, and testatrix owned a mortgage for $14,500 covering the East Broadway property. The East Broadway mortgage was subsequently paid in to testatrix, who with the money so obtained, paid off the $3,500 mortgage on the Forty-sixth street house, and invested about $9,700 in certain railroad bonds, which she still owned at the time of her death. In an action to determine the duty of the executor in respect to paying the $10,000 mortgage,—*Held,* that the direction to pay such mortgage was in the nature of a specific legacy and within the rule as to ademption, but as the railroad bonds were traceable to the immediate proceeds of the East Broadway mortgage, they were themselves " proceeds " of the mortgage within the term as used in the will, and should be sold and applied to the payment of the $10,000 mortgage ; but that any deficiency could not be made up from the general estate.

Appeal by defendants from a judgment rendered at Special Term in March, 1893, construing the will of testatrix and instructing the executor.

This action was brought by Ferdinand T. Hopkins, as executor, etc., of the will of Martha B. T. Hopkins, deceased, to obtain a judicial construction of such will and for instructions as to his duty in respect to paying off a mortgage for $10,000 upon premises in East Forty-sixth street, owned by testatrix at the time of her death. The will of testatrix specifically devised the premises No. 151 East Forty-sixth street in the City of New York to her

sons in certain specified shares, and by the sixteenth paragraph of such will provided:

"Sixteenth. I order and direct that any mortgage that may be upon the premises known as No. 151 East Forty-sixth street, in the City of New York, be paid by my said executor out of the proceeds of the mortgage held by me on the premises known as No. 264 East Broadway, in said City of New York."

At the date of the will the premises in Forty-sixth street were subject to two mortgages; a first mortgage for $10,000, and a second for $3,500; and testatrix was the owner of a mortgage for $14,500 covering the property in East Broadway. Shortly after the making of the will the owner of the East Broadway property paid off the mortgage upon his premises and testatrix from the funds so paid her discharged and paid off the second mortgage of $3,500 upon the Forty-sixth street property, but left the first mortgage outstanding, and applied the sum of $9,700 to the purchase of certain bonds of the Louisville Southern Railway Co., which she continued to own until the time of her death, and which passed into the possession of the plaintiff as her executor. The balance of the sum so received was applied to her personal uses.

Plaintiff brought this action seeking construction of the will and the instruction of the court as to his duty in regard to the payment of the $10,000 mortgage upon the Forty-sixth street property; whether it was his duty to apply the bonds of the Louisville Southern Railway Company towards such payment, and such bonds being insufficient at current prices to pay off the whole of said mortgage, whether the deficiency should be made up from the general personal estate. The judgment rendered at the Special Term determined that such bonds must be applied to payment on account of the mortgage, but that the deficiency could not be made up out of the general estate.

The opinion of the Special Term was as follows:

DUGRO, J.—The direction in the sixteenth subdivision of the will is in the nature of a specific legacy, and would come within the rule as to ademption of legacies. If the proceeds of the mortgage exist in any distinct form, so as to have a separate entity, or if a part of the proceeds so exists, the direction does not fail of force, for such proceeds or part must be applied as directed. In the case presented I think the proceeds of the Louisville Southern Railway Co. bonds should be applied to a reduction of the mortgage. The bonds are traceable to the immediate proceeds of the East Broadway mortgage, and are themselves proceeds of the mortgage within the term as used in the will.

The interest of Claude L. Gouraud in and to the rents and profits of 207 Division street seems to me unassignable.

From the judgment so rendered at the Special Term certain of the defendants, who were residuary legatees under the will, appealed.

*Goldsmith & Doherty*, for appellant.

*Joseph Fettretch*, for Thomas H. Cook, guardian *ad litem*, for infant appellant.

*Austin Abbott* and *James McG. Smith*, for plaintiff, respondent.

The General Term, SEDGWICK, Ch. J., FREEDMAN and McADAM, JJ., affirmed the judgment with costs upon the opinion rendered by the learned judge at Special Term.

NOTE ON ADEMPTION OF LEGACY OF A PARTICULAR FUND OR PAYABLE FROM THE PROCEEDS OF A SPECIFIED SECURITY.

The following synopsis of cases shows the course of the decisions in this State in applying the doctrine of ademption in the cases of gifts of particular securities as distinguished from demonstrative legacies payable from a particular fund.

In Gardner *v.* Printup (2 *Barb.* 83), it appeared that the testator bequeathed to his two grandsons the proceeds of a specified bond and mortgage. He subsequently attempted to collect the mortgage, with the result that the mortgagors sold a portion of the premises, paying a part of the consideration to the testator who receipted the same on the mortgage, the balance being secured by the bond of third persons executed directly to the testator, and indorsed by him as a payment upon the mortgage. *Held*, reviewing the authorities, that the legacy was clearly specific, and was adeemed by the subsequent proceedings of the testator in regard thereto, the court holding that the use of the word "*proceeds*" in the bequest did not extend it to the new securities received by the testator, as the proceeds of the original security had lost their separate existence and identity.

In Beck *v.* McGillis (9 *Barb.* 35), it was held, where a mortgage specifically bequeathed by a testator was foreclosed, and the property purchased by a third person who executed a new bond to the testator secured by a new mortgage upon the same premises, that by such change in the security the legacy was adeemed, notwithstanding that after the death of the testator there was found among his papers a memorandum in his handwriting declaring the new bond and mortgage to be but a renewal of the old, and that it was his intention that they should pass to the legatee.

In Logan *v.* Deshay (*Clarke's Ch.* 209), it appeared that testator gave certain legacies out of his personal property, devising his real estate to his wife and one of his sons, but before his death sold all his personal property to the son to whom the devise was made and took his notes for payment in different sums payable to different and several of his children, and these notes were inclosed in the will. *Held*, that the notes were an appointment to the several persons to whom they were made payable, and that the legatees could take nothing by their legacies independent of such appointment, as they were payable out of the personal property which had been sold by testator before his death. (So much of the opinion as holds the notes to be valid as an appointment to the use of the payee is questioned in a note by the reporter.)

In Humphrey *v.* Robinson (52 *Hun*, 200), it was held that a bequest of "a certain bond and mortgage bearing date April 1, 1881, executed to me by S. to secure the payment of $30,000" was specific and adeemed by its collection and satisfaction by the testator in his lifetime, even though contained in a bequest to the widow in lieu of dower.

## Note on Ademption of Legacy.

In Abernethy *v.* Catlin (2 *Demarest*, 341), where decedent gave to his executors a certain specified bond and mortgage in trust, and thereafter received the amount thereof in his lifetime and deposited the money at his bankers, where it remained, it was held by Surrogate ROLLINS in an opinion exhaustively reviewing the authorities that the legacy was not demonstrative, but was specific, and was therefore adeemed.

In Davis *v.* Crandall (101 *N. Y.* 311), it was held that a bequest to E. of " the sum of $243.92, a portion of the debt due me from the said James Davis, secured by his notes," and to V. " the sum of $243.92, another portion of the debt due me from the said James Davis and secured by his notes," the testatrix at the time holding a single note against James Davis for the amount of the two sums bequeathed, was a specific legacy to each legatee of one-half of the note.

In Doughty *v.* Stillwell (1 *Bradf.* 300), it was held by the late Surrogate BRADFORD in a very learned and exhaustive opinion, where a testator directed that a bond of a certain corporation which he held should remain uncollected for three years after the decease of his wife when the said amount should be collected and divided as directed in specific amounts, and where, subsequently, the corporation sold its property, and took a purchase-money mortgage for the amount of testator's bond, which it transferred to testator in exchange for such bond—that the legacy was not specific and had not been adeemed. The learned surrogate made an exhaustive review of the authorities, both in this country and in England, reaching the conclusion that the rule was that if the fund instead of being destroyed remained the same in substance with unimportant alterations, such slight variation will not adeem the bequest. In commenting upon the facts of that case he noted that there had been no such change as to annihilate the fund, but that the same sum remained due, that it had never been paid in and reinvested nor mingled with the testator's other funds, nor reduced in amount nor affected in any other way, except that the bond which once secured it was discharged and another substituted in its place, so that when collected it will be substantially the amount originally secured by the bond mentioned in the will.

In Sutherland *v.* Clark (61 *How. Pr.* 310), it appeared that testator devised a house and lot to his wife and authorized his executors to pay off any mortgages thereon, provided the title was in testator. It appeared that when testator purchased the premises the conveyance was made directly to his wife and the title so remained up to his death, the purchase money however having been paid by testa-

tor and he having paid the taxes and a portion of the principal of the mortgage and personally guaranteeing the payment of the remainder. *Held*, that testator intended that the executors should pay off the mortgage if the title remained at his death in the condition in which he had placed it, and that it was consequently their duty to make the payment.

In Walton *v.* Walton (7 *Johns. Ch.* 258), it was held in an elaborate opinion by Chancellor KENT that a gift of all testator's right, interest and property in thirty shares which he then owned in the Bank of the United States was a specific legacy; and where before testator's death the charter of the bank expired and all its property and funds were conveyed to trustees who divided the funds received by them from time to time among the stockholders, the testator receiving the dividends on the shares devised, this was an ademption of the legacy to the extent of the amount so received, but not as to dividends becoming payable after the testator's death. It was further held in the same case where two shares in a navigation company were bequeathed by the will, and in the lifetime of the testator the shares by some rearrangement were increased to the number of six and the stock under an act of the Legislature became the property of the State upon a certain sum being paid to stockholders, that such legacy was not adeemed or extinguished, but that the legatee was entitled to receive the sum so payable. In such case the assumption of the property by the State will not operate as an ademption.

In Giddings *v.* Seward (16 *N. Y.* 365), it was held that a bequest of "the sum of $1,200 and interest on the same contained in a bond and mortgage" described was not specific, but demonstrative, and not subject to ademption by the assignment or extinction of the bond and mortgage in the lifetime of the testator. In that case the decision of the court rested upon the fact of an apparent intent to bequeath a sum of money, referring to the source from which it should be derived and not to give specifically the bond and mortgage itself.

The provision of our Statute of Wills (2 *R. S.* 65, § 47; 4 *Id.* [8th ed.] 2549) affecting this question is as follows:

" A conveyance, settlement, deed or other act of a testator, by which his estate or interest in property, previously devised or bequeathed by him, shall be altered, but not wholly *divested*, shall not be deemed a revocation of the devise or bequest of such property; but such devise or bequest shall pass to the devisee or legatee, the actual estate or interest of the testator, which would otherwise

descend to his heirs or pass to his next of kin ; unless in the instrument by which such alteration is made the intention is declared that it shall operate as a revocation of such previous devise or bequest."