WILLS—CONSTRUCTION—PECUNIARY LEGACY.
　　A pecuniary, and not a specific, legacy is given by a bequest of "the sum of $50,000 of the capital stock of the B. & P. Co., or, in case I shall not hold that amount of such stock, * * * I direct them [the executors] to take from my other personal property to an amount sufficient to equal said sum"; other clauses of the will giving to various legatees each a specified number of "shares of the capital stock" of the same company and others.

Judicial settlement of the accounts of John F. Anderson, Jr., one of the executors and trustees under the will of George L. Pease, deceased.

Thompson & Koss, for executors.
Putney & Bishop, for L. G. Gregory.
Alfred F. Britton, for special guardian.

ABBOTT, S. At the time of his decease the testator was the owner of 3,750 shares of the capital stock of the Boorum & Pease Company, of the par value of $375,000, and of the market value of $187,500. By his will he bequeathed to his executors, in trust for the benefit of his wife, "all the stock that I may own at the time of my decease" in certain corporations named; "and also one thousand shares of the capital stock of the Boorum & Pease Company;" and authorized the executors to sell all or any part of the said stocks, and reinvest the proceeds thereof. He made a similar trust provision for the benefit of his daughter, bequeathing "all my stock in" certain corporations named; and also 500 shares of the capital stock of the Boorum & Pease Company, with a like authority to his trustees to sell any part of the said stock and reinvest the proceeds thereof. The "seventh" clause of the testator's will, which requires construction in this proceeding, is as follows:

"Seventh, I give to my executors, or to those of them who shall qualify as such, the sum of fifty thousand dollars of the capital stock of the Boorum & Pease Company, or, in case I shall not hold that amount of such stock in addition to the amount mentioned in the foregoing clause of my will, I direct them to take from my other personal property an amount sufficient to equal said sum, and I direct them to hold saia stock during the life of my wife's sister, L. Gertrude Gregory, and I direct my executors to pay to her the net income thereof semiannually during her life; and upon her death I direct them to divide the principal so held in trust among her lawful issue, share and share alike; but if she leaves no issue I direct that such principal sum shall then revert to the residue of my estate. And I authorize my executors in their discretion at any time to sell all or any part of said stocks, in which case I direct them to invest the proceeds of such sale in such securities as are or may be allowed by law for investments of savings banks in the state of New York, or upon bond and mortgage upon real estate in this state, in their discretion, the income arising from such securities to be paid to my wife's sister semiannually during her life as aforesaid."

It is contended by the executors, on the one hand, that the testator by this clause has made a specific legacy in trust of capital stock of the Boorum & Pease Company of the par value of $50,000; and, on the other hand, by the beneficiary named in the clause, that the testator has thereby bequeathed a demonstrative legacy of $50,000, in cash, to be first realized out of the capital stock of the Boorum & Pease Company, if testator owned sufficient thereof for the purpose at the time of his decease, any deficiency to be made up out of any other personal property of the testator not previously disposed of by his will. Of course, it is the intention of the testator, as expressed in his will, which must control.

Seeking for the expression of the will which may aid us in arriving at the testator's intention, we find that by the fourth clause of his will he bequeaths to his trustees "one thousand shares of the capital stock" of the Boorum & Pease Company. By the fifth clause he bequeaths to his trustees 500 shares of the Boorum & Pease Company. By the seventh clause he bequeaths to his trustees "the sum of fifty thousand dollars of the capital stock of the Boorum & Pease Company." This change in phraseology indicates some difference of intention on the part of the testator in making the bequest in the seventh clause from that in making the bequest in the fourth and

fifth clauses.    In the fourth and fifth clauses he bequeaths a definite number of "shares of the capital stock" in specific terms.    In the seventh clause he bequeaths "dollars of the capital stock."    Again, by the seventh clause he directs his executors, in case he "shall not hold that amount of such stock in addition to the amount mentioned in the foregoing clause" of his will, to take from his "other personal property an amount sufficient to equal said sum."    That sum must refer to "the sum of fifty thousand dollars" previously mentioned. Again, the clause under consideration must receive such a construction, if possible, as will render its language reasonable and harmonious under all circumstances and conditions.    It will not be assumed that the testator intended to bequeath a legacy of $25,000 upon the contingency of his owning 2,000 or more shares of the Boorum & Pease Company at the time of his decease, and a legacy of $50,000 upon the contingency of his owning only 1,500 shares of the stock at the time of his decease.    Assume that he had owned at the time of his decease 250 shares of the stock applicable to the payment of the legacy, of the par value of $25,000; what sum would the executor then be required to take from the testator's "other personal property" to equal said sum?    This question would become difficult of solution under the executor's contention.    It would become necessary to interpolate the words "of the par value" after the word "dollars" for the purposes of the interpretation of this clause.

In Tifft v. Porter, 8 N. Y. 516, the testator bequeathed to his wife 240 shares of Cayuga County Bank stock, and to one Harriet S. Glover 120 shares of said stock.    At the time of his decease he owned exactly 360 shares of the bank stock mentioned.    The testator died June 16, 1849.    On August 14, 1849, a dividend of $1 per share was declared, payable September 1st.    On August 16th testator's will was proven, and on August 23, 1849, the said 240 shares were transferred to testator's widow.    The executors subsequently collected the dividends so declared upon the bank stock, and the widow brought action for the amount thereof.    It was held, by a divided court, that the legacies of the bank stock were general, not specific, and that plaintiff was not entitled to recover.    At page 518, Johnson, J., defines the exact distinction between a general and specific legacy in the following language:

"A legacy is general when it is so given as not to amount to a bequest of a particular thing or money of the testator, distinguished from all others of the same kind.    It is specific when it is a bequest of a specified part of the testator's personal estate which is so distinguished.    Williams, Ex'rs, 838.    In those cases in which legacies of stocks or shares in public funds have been held to be specific, some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred.    Where, for instance, the testator has used such language as 'my shares,' or any other equivalent designation, it has been held sufficient. · But the mere possession by the testator, at the date of his will, of stock of equal or larger amount than the legacy, will not of itself make the bequest specific.    Williams, Ex'rs, 842; 1 Rop. Leg. 2067."

It thus appears that the mere ownership by a testator of personal property which he bequeaths does not constitute such bequest a specific legacy thereof; but, if the testator expresses an intention that

the bequest is of specific personal property, constituting a part of his personal estate and owned by him at the time of his decease, the legacy then becomes a specific legacy of so much of such specific personal property. The testator bequeaths "the sum of fifty thousand dollars of the capital stock of the Boorum & Pease Company, or, in case I shall not hold that amount of such stock in addition," etc. He did hold that amount of capital at the time of his decease, whether the clause be construed as a bequest of $50,000 worth of the same at its par or market value. Therefore the contingency stated becomes inoperative, except in so far as it may be useful in aiding us to arrive at the intention of the testator.

In Giddings v. Seward, 16 N. Y. 365, the bequest was of "the sum of $1,200, and interest on the same, contained in a bond and mortgage." Selden, J., at page 367, after considering and laying down the distinction between general and specific legacies, writes:

"But, aside from all considerations of this sort, the idea that this legacy was intended to be specific appears to me to be excluded by the peculiar phraseology of the will itself. The language is: 'I give and bequeath,' etc., not a certain bond and mortgage, but 'the sum of $1,200, and interest on the same, contained in a bond and mortgage,' etc. The bequest is of a certain sum of money. The bond and mortgage is simply referred to as the source from which the money is to be derived. The form of expression is not one which would naturally be chosen to manifest an intent to make a specific bequest of the bond and mortgage itself. The leading subject of the gift is not the bond and mortgage, but the sum of money mentioned; and it could scarcely be claimed, if one-half of the mortgage had been paid in the lifetime of the testatrix, that the bequest was thereby reduced to the sum of $600 instead of $1,200."

As authority, this case is very much in point, and the language employed is almost identical with that employed by the testator in the will under consideration. In this case the bequest is of a certain sum of money. The capital stock is simply referred to as the source from which the money is to be derived. Moreover, the testator has deliberately changed the form of bequest from that contained in the previous clauses of the will in which he expressly bequeaths shares of stock. See, also, Shethar v. Sherman, 65 How. Prac. 9. The testator by the twelfth clause of the will also fixes the legacy to his wife's sister at the sum of $50,000. I am of the opinion, therefore, that the legacy bequeathed by the seventh clause of the testator's will is not a specific legacy of shares of capital stock, but a general legacy of money, and would be so construed if this clause stood by itself unaided as to its construction by other parts of the will. But my conclusion is strengthened by the difference in the language employed by the testator in the seventh clause from that employed by him in the fourth and fifth clauses, as well as by the alternative provision contained in the seventh clause. Decreed accordingly.