WILLIAM J. CRAWFORD, Respondent, *v.* ISABELLA McCARTHY, Appellant.

*Legacy directed to be paid from a certain bank deposit — when it is demonstrative and not specific — when it is a charge upon real estate devised to the residuary legatee — presumption that a legacy is general rather than specific.*

Where the will of a testatrix gives her daughter, whom she nominates as executrix, all her property, both real and personal, including a bank deposit standing in the daughter's name, " excepting also the disposition of moneys belonging to me now on deposit in her name," and then directs her, " out of the moneys belonging to me (the testatrix) on deposit in her name, to pay my said son the sum of fifteen hundred dollars," the legacy is not specific, but demonstrative, and consequently does not adeem because of the subsequent expenditure by the testatrix of the deposit.

The legacy is a charge upon the land devised to the daughter, and upon the acceptance of the devise the daughter becomes personally liable for the amount of the legacy.

The courts are not inclined to hold a legacy to be specific rather than general, especially when the legatee is of the blood of the testator and has a natural claim upon his bounty.

APPEAL by the defendant, Isabella McCarthy, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of May, 1897, upon the decision of the court rendered

after a trial at the New York Special Term overruling her demurrer to the complaint.

This action was brought to have a legacy bequeathed to the plaintiff under the will of Agnes M. Crawford declared to be a lien upon certain real estate, and the will of Agnes M. Crawford was as follows:

" I, Agnes M. Crawford, widow of William Crawford, late of the city of New York, deceased, do make my last will and testament as follows:

" *First.* I direct all my debts and funeral expenses to be paid.

" *Second.* I give, devise and bequeath to my daughter Isabella the house and premises number 316 East 117th street in the city of New York, together with my furniture and jewelry and other personal property; also money belonging to me on deposit to her credit. Excepting from said personalty, however, the business now carried on by me and license pertaining to the same, and excepting also the disposition of moneys belonging to me now on deposit in her name.

" *Third.* I give and bequeath to my son, William J., the business now carried on by me at the corner of 86th street and Madison avenue together with the license under which I conduct the same, and I direct my daughter Isabella, out of the moneys belonging to me on deposit in her name, to pay my said son the sum of fifteen hundred dollars.

" *Fourth.* I bequeath to the children of my deceased daughter, Mary J. Hunt, the sum of fifty dollars each, as and when they severally arrive at the age of twenty-one years, to be paid out of the moneys on deposit in the name of my daughter Isabella. In thus limiting the bequest to the children of my said daughter I desire to say that I do so because I had advanced and expended on her behalf about the sum of one thousand dollars.

" *Fifth.* I hereby appoint my daughter Isabella sole executrix of this last will and testament, and authorize her to sell, convey and dispose of any and all real estate or personal property of which I may die seized or possessed and to mortgage such real estate.

" *Sixth.* Should any of my heirs at law and next of kin mentioned in this will contest the same, the making of such contest is to be taken and deemed a waiver of all interest of such contestant in the

provisions hereof, and the interest which such contestant would have taken under this will shall be and become immediately upon such contest being inaugurated a part of my residuary estate."

*Alexander Thain*, for the appellant.

*G. O. & L. S. Hulse*, for the respondent.

Judgment affirmed, with costs, on opinion of the justice at Special Term.

Present — VAN BRUNT, P. J., RUMSEY, PATTERSON, O'BRIEN and PARKER, JJ.

The following is the opinion of the justice delivered at Special Term:

BEEKMAN, J.:

By the terms of her will the testatrix directs her debts and funeral expenses to be paid, and then gives, devises and bequeaths to her daughter, the defendant in this action, certain real estate in this city, together with her furniture and jewelry, " and other personal property; also money belonging to me on deposit to her credit. Excepting from said personalty, however, the business now carried on by me and license pertaining to the same, and excepting also the disposition of moneys belonging to me now on deposit in her name." Immediately following this provision is a bequest by testatrix to her son William, the plaintiff in this action, of the business carried on by her, together with the license under which such business was conducted, being the property which in terms she had previously excepted from the bequest in favor of the defendant. In the same clause she gives the following direction : " And I direct my daughter Isabella, out of the moneys belonging to me on deposit in her name, to pay my said son the sum of $1,500." In addition to the above, the testatrix also bequeathed to the children of a deceased daughter the sum of $50 each, when they severally attained the age of twenty-one years, " to be paid out of the moneys on deposit in the name of my daughter Isabella." The reason given by her in her will for the smallness of this bequest is that she had already advanced and expended the sum of $1,000 on behalf of the

mother of the infants. The daughter, the defendant in this action, was appointed sole executrix, and in the clause under which said appointment was made she was authorized "to sell, convey and dispose of any and all real estate or personal property of which I may die seized or possessed, and to mortgage such real estate." The only other provision contained in the will is one under which the testatrix directs that, should any of her heirs at law or next of kin mentioned in the will contest the same, such contest is to be taken and deemed a waiver of all of the interest of such contestant thereunder, and that the interest thus forfeited shall become a part of her residuary estate. It will be observed that there is no clause which in express terms disposes of the residuary estate of the testatrix, but it is plain that she intended to dispose of all of her property, and that her daughter, the defendant in this action, was to be the recipient of the whole, except so much thereof as was necessary for the purpose of satisfying the special bequests above mentioned to the plaintiff and the grandchildren of the deceased. It appears that at the time the will was made there was a sum of money, amounting to about $1,800, on deposit in a bank to the credit of the defendant, which, however, really belonged to the testatrix; and had this deposit continued unimpaired, no question would have arisen under this will, as such sum was sufficient to pay the legacy of $1,500 to the son and the legacies of $50 each to the grandchildren. But it seems that subsequently the amount of this deposit was depleted to such an extent that little, if any, of it was left when the will took effect. The claim of the plaintiff is that his legacy was not specific but demonstrative; that it does not adeem by reason of the failure of the fund in question, but that, owing to the direction given to the defendant to pay it, and the fact that the defendant is a devisee under the will and has received what is equivalent to the residuary estate of the testatrix, she is personally liable for the amount of the legacy of $1,500, and that the same is a charge upon the real estate devised to her. This action is brought for the purpose of having such charge established and securing the payment of the legacy by a sale of the property. I think that the legacy in question was demonstrative and not specific. (*Giddings* v. *Seward*, 16 N. Y. 365; *Newton* v. *Stanley*, 28 id. 61; *Walton* v. *Walton*, 7 Johns. Ch. 263.) In the case of *Giddings* v. *Seward* (*supra*) the

testator gave to his mother "the sum of twelve hundred dollars and interest on the same, contained in a bond and mortgage given to me by Orren W. Seward and Caroline, his wife, and dated the third day of January, 1847." It was held that the legacy was demonstrative and did not adeem by reason of the payment of the mortgage before the death of the testator. In the case of *Newton* v. *Stanley* (*supra*) the testator bequeathed two sums of money to two of his children, and directed the same to be paid "from the moneys due and to become due" to him from another child, bequeathing to the latter whatever balance of the debt there might remain. It was held that said legacies were not specific, but were payable out of the estate without regard to the condition of the particular fund designated. At page 65 of the report it is said : "Courts are not inclined to hold a legacy to be specific rather than general, unless its terms clearly require such a construction." Especially is this so where the beneficiary is of the blood of the testator and has a natural claim upon his bounty. The existence of such claim is sufficient to support the presumption that the testator intended the legacy to take effect, and that the provision designating the fund out of which it should be paid was for the convenience of the estate rather than a limitation attached to the bequest. I am unable to discover in this will that clear evidence of a contrary intention which is necessary to overcome this presumption, and which alone would justify the court in holding that the testatrix intended that plaintiff's legacy should take effect only in case the fund in question was in existence at the time of her decease. The intention of the testatrix, to be gathered from the whole will, was that her property should pass to her children and grandchildren in certain proportions which she indicates. In effect, specific property in specific sums was left to her son and grandchildren, and what remained was devised and bequeathed to the daughter. While it was a part of her testamentary scheme that some of her descendants should receive less than the others, it is to be presumed that otherwise all were considered by her as having claims upon her recognition, and hence that she did not intend that the provision in favor of either should fail by reason of changes in the condition of her estate between the date of making the will and her decease. The bequest under consideration is, therefore, tantamount to a general direction to the defendant to pay the $1,500.

which the testatrix intended that the plaintiff should receive. It is well settled that when a legacy is given, and is directed to be paid by a person to whom the estate is devised, such real estate is charged with the payment of the legacy ; and the rule is the same when the legacy is directed to be paid by an executor who is the devisee of the real estate. If the devisee in such cases accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound even if the land so devised to him proves to be less in value than the amount of the legacy. (*Brown* v. *Knapp*, 79 N. Y. 136, 142.) I think the present case comes within the application of this principle, and the complaint must, therefore, be held to set out a cause of action. It follows that the demurrer must be overruled, with costs, with leave to the defendant to answer on payment of costs.