Miller v. Buell et al.

No. 10,488.

MILLER v. BUELL ET AL.

DECEDENTS' ESTATES.—*Devise.*— *Widow.*—*Life-Estate.*—*Sale to Pay Debts.*—
A widow, taking by her husband's will a life-estate in his lands, instead
of the title in fee to a part, which she might have taken under the law,
takes subject to sale to pay debts and legacies if necessary; and one
who acquires her life-estate also takes it subject to the same burden, and
his title will be defeated by such a sale properly made afterwards.

From the Shelby Circuit Court.

*N. B. Berryman* and *R. W. Wiles,* for appellant.

*B. F. Love, H. C. Morrison, T. B. Adams* and *L. T. Mich-
ener,* for appellees.

BICKNELL, C. C.—The appellant brought this action against
the appellees to recover the possession of forty acres of
land and damages for the detention thereof. The defendants
answered by general denials. The issues were tried by the
court, and at the request of the plaintiff the facts were found
specially, and conclusions of law were stated thereon, as fol-
lows:

1. That on the 25th day of December, 1869, George Pulse
became the owner in fee simple of the north half of the north-
east quarter of section 20, and the southwest quarter of the
southeast quarter, and the southeast quarter of the southwest
quarter, of section 17, all in township 12 north, of range 8
east, in Shelby county, Indiana, and died seized thereof on
the 2d day of October, 1870, that his last will contains the
following provisions:

"My will is that all my just debts and funeral expenses be
paid by my executor, hereinafter named, out of my estate, as
soon after my decease as shall be found convenient.

"Then, I give, devise and bequeath to my daughter Mis-
souri Miller the sum of $933 and one young horse.

"I give and devise to my son Peter Pulse the sum of $933
and one young horse. The above is to make the two equal to
what I have given heretofore to Hiram, Reuben and George.

"I give and bequeath to my wife Elizabeth Pulse all my household furniture, and all the use of my lands and appurtenances as long as she shall live, said land situate in Shelby county and State of Indiana. At the death of my wife, I desire all the property divided equally between Hiram Pulse, Reuben Pulse, Missouri Miller and Peter Pulse.

"And, lastly, I nominate and appoint Leonard Powell to execute this, my last will and testament."

2. That Elizabeth Pulse elected to take under the will and was appointed administratrix of said George Pulse, with the will annexed, and, on the 20th day of January, 1875, filed her final report in said trust, showing payment in full by her, as such administratrix, of all bequests and legacies mentioned in said will, and of all claims against said estate, which report was approved, and said administratrix was discharged.

That on November 13th, 1876, said Peter Pulse who, at the time of said final settlement was a minor, filed his petition to set aside said final report on the ground of mistake, showing that his legacy of $933 was unpaid, and that there was a large amount of property belonging to said estate.

On the same day last mentioned, Hiram Pulse and Elizabeth Pulse appeared in court and filed their written consent to said last mentioned petition, and admitted the facts alleged in said petition to be true, but said other heirs were not notified of, and did not appear to, said petition ; that on said day last mentioned the court, upon application, set aside said final settlement.

That on November 6th, 1876, said Elizabeth Pulse, as such administratrix, filed her petition to sell the following portion of the real estate aforesaid, to wit: The southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter, of section 17, in town. 12 north, of range 8 east, for the payment of the debt of said estate arising from said unpaid legacy ; and on the 2d of July, 1877, said administratrix, under the order of said court, sold said

last mentioned real estate to said Peter Pulse for $2,400, which sale was by the court approved.

3. That on the 7th day of March, 1876, Frederick Miller recovered a judgment in the Shelby Circuit Court against said Elizabeth Pulse for the sum of $246.20 and costs, and upon said judgment an execution was issued to the sheriff of Shelby county, and came to his hands on the 16th day of November, 1876, and said sheriff duly levied said execution upon said real estate as the property of said Elizabeth Pulse, and after advertising the same for four successive weeks in a weekly newspaper of general circulation, printed and published in said county, sold the same on the 27th day of January, 1877, to the plaintiff, William Miller, and executed to him a certificate of purchase therefor, and that on the 18th day of April, 1878, said sheriff executed to said William Miller, upon presentation of said certificate, a deed for said real estate.

4. That on the 24th day of May, 1876, said Elizabeth Pulse sold, and by deed duly executed conveyed, her interest in the real estate of which the said George Pulse died seized, as before described, to said Hiram Pulse and Peter Pulse, and that said deed contains these words, following the description of said real estate, to wit: "This deed is intended to convey to the grantees all the interest in said land which I inherited under the last will and testament of my husband George Pulse, deceased." Said deed was recorded May 24th, 1876, in the recorder's office of said county.

5. On October 25th, 1878, said Peter Pulse, by deed duly executed, conveyed to Nancy Pulse, wife of said Hiram Pulse, the southwest quarter of the southeast quarter of said section 17, in town. 12 north, of range 8 east, and on November 13th, 1880, said Nancy Pulse and Hiram Pulse, by deed duly executed, conveyed said real estate to the defendant Israel Buell and put him in possession thereof, which possession he has ever since held.

6. That said Elizabeth Pulse is now living and is sixty-six years old.

7. That on October 8th, 1881, the plaintiff, William Miller, demanded of the defendant the possession of said real estate last described, and defendant refused to give possession, and on said 8th day of October, 1881, said Israel Buell was in possession of said real estate, and ever since has been and still is in possession thereof.

As conclusions of law upon the facts thus specially found, the court stated:

1. That the defendant Israel Buell is the owner in fee simple of the above described real estate which the plaintiff seeks to recover in this action, and that the defendant is lawfully in possession of the same, and has not unlawfully kept, and does not now unlawfully keep, the plaintiff out of possession of said premises.

2. That said defendant is entitled to a judgment quieting his title and for his costs against the plaintiff.

The plaintiff excepted to the conclusions of law. Judgment was rendered that the plaintiff take nothing by his suit, and that the defendants recover their costs.

The plaintiff appealed. The only error assigned is that the court erred in its conclusions of law upon the facts found. The plaintiff seeks to recover the southwest quarter of the southeast quarter of section 17, etc.; it belonged to George Pulse who devised it to his widow Elizabeth Pulse for life, and she elected to take under the will; she afterwards became administratrix, with the will annexed; she took under the will a life-estate in one hundred and sixty acres of land of which the forty acres in controversy was part, and there was a remainder in fee to the testator's children. The land was subject to the payment of the testator's debts and to a legacy of $933.

The administratrix filed her petition for leave to sell eighty acres of the land, including the forty acres in controversy, to

make assets for the payment of the legacy, and under the order of the court she sold the eighty acres to Peter Pulse. Her petition to sell was filed on November 17th, 1876; the sale was made on July 2d, 1877, but before filing said petition she had conveyed her life-estate in all the land to Hiram Pulse and Peter Pulse, by deed dated and recorded May 24th, 1876.

Peter Pulse being the owner of the forty acres in controversy, by his purchase at the administratrix's sale, sold and conveyed the same to Nancy Pulse in 1878, and she, in 1880, together with her husband, Hiram Pulse, sold and conveyed the same to Israel Buell, who was in possession when the plaintiff commenced this action in 1881.

The plaintiff's claim arises as follows: Frederick Miller had a judgment against Elizabeth Pulse while she owned her life-estate; this judgment was obtained in March, 1876; it was a lien on her interest when she conveyed that interest to Hiram Pulse and Peter Pulse; and her interest in the forty acres in controversy was bought by the plaintiff in January, 1877, at a sale under an execution issued on said judgment.

But the land was liable to be sold to pay debts and legacies; the widow took her life-estate subject to that liability, and any purchaser of that life-estate, whether at public or private sale, took it subject to be defeated in case it should become necessary to sell the land to make assets to pay debts or legacies. Whatever interest the plaintiff acquired by his purchase of the life-estate in the forty acres in controversy in January, 1877, was defeated by the sale of the land in July, 1877, under the order of the court to make assets.

The liabilities of the testator's estate are paramount to the liabilities of his devisee. Weakley v. Conradt, 56 Ind. 430; Moncrief v. Moncrief, 73 Ind. 587; R. S. 1881, section 2378. .. The fact that the plaintiff was not a party to the proceeding to sell the land, to make assets, makes no difference; he bought subject to the right of the administrator to cause the land to be sold, to make assets, if necessary. Weakley v. Conradt, supra.

There was, therefore, no error in the conclusions of law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

