Evelena Dunning, Respondent, *v.* Edgar F. Dunning and Another, Appellants, Impleaded with Others.

*Devise charged with the payment of a legacy — bequest in lieu of dower not liable for debts — action to enforce a charge on land — manner of sale of the real estate of a decedent for his debts.*

Where a bill by positive language charges the costs of the redemption of certain stock, pledged by the testator during his lifetime, upon certain land devised thereby to the testator's three children, the acceptance of the devise by them, if there is no other fund or estate to bear the burden of such redemption, gives the legatee of such stock the right to have the cost of such redemption adjudged to be charged upon the property devised to the testator's children, and the land devised to them will, if necessary, be decreed to be sold for the purpose of securing the necessary funds with which to effect such redemption.

Where a bequest is made by a testator to his widow in lieu of her dower, and is accepted by her, she holds the bequest by the right of purchase, and it should not bear any portion of the debts of the testator.

A person has the right to bring and maintain an action in equity for the purpose of enforcing the lien, of a legacy bequeathed to her, on the lands in the same will devised charged therewith, making the executors of such estate and all parties interested therein, save the creditors of the deceased, parties in the action, where it appears that the executors have advertised for claims and proceeded in the regular course of administration of the estate to a point which discloses that there is no personal estate of the testator applicable to the payment of the legacies in such will contained or to the payment of the claims presented against his estate which had been allowed by the executors or even to the expenses of the administration of his estate.

The lands of a decedent can only be sold for the payment of his debts in the manner provided by statute, which requires that the creditor shall establish his claim in proceedings had in a Surrogate's Court for the purpose of selling lands to pay debts, and, as a general rule, the real estate of a decedent cannot be ordered sold for the purpose of the payment of his debts in an action (to which the decedent's creditors are not parties) brought to charge the payment of a legacy bequeathed to the plaintiff by the testator's will on land devised thereby.

APPEAL by the defendants, Edgar F. Dunning and Lillie E. Henderson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of June, 1894, upon the decision of the court rendered after a trial at the New York Special Term, and also an appeal by the defendant Edgar F. Dunning from an order made at the New York Special Term and entered in said clerk's office on the 29th day of May, 1894, granting the plaintiff an extra allowance.

*A. Britton Havens* and *H. A. Brann*, for the appellants.

*William G. Bussey*, for the respondent.

PARKER, J.:

William Dunning died July 6, 1891, leaving him surviving his widow, this plaintiff, and three children, all of full age, Lillie E. Henderson, Edgar F. Dunning and Hattie C. Chase.

By his last will and testament, which has been duly probated, he devised and bequeathed to his wife, in lieu of dower, certain property, including 114 shares of the Consolidated Gas Company's stock, which is specially referred to in the eighth clause of his will, which is hereafter quoted in full.

Prior to his death he conveyed to his wife real estate referred to in the devise to her, and transferred to her the personal property referred to in the bequest, with the exception of the furniture in the house in which they resided, the gas company stock and $5,000 in cash. The latter constituted the only property she received under the bequest in lieu of dower.

To his daughter Hattie C. Chase he devised three houses and lots; to his son, Edgar F. Dunning, two houses and lots, and to his daughter Lillie E. Henderson three houses and lots, and to his three children jointly a block of ground bounded by One Hundred and Thirtieth street, One Hundred and Thirty-first street, Twelfth avenue and the Hudson River railroad. By the second clause of the will he charged the payment of the $5,000 legacy left to his widow upon each of the devises and bequests made to his three children, and upon them as his legatees and devisees, and upon the share of each of them in the estate. Shortly after the will was probated, the devisees, upon whose devises this sum was charged, paid to her the amount of this legacy, with interest.

The seventh and eighth clauses of the will, which are mainly the cause of this litigation, read as follows: " The three thousand and five hundred dollars of bonds and mortgages made to me by my daughter Lillie E. Henderson, and now due and owing to me, I give and bequeath to my wife, Evelena, together with all interest now due or to become due thereon; and I hereby charge the payment thereof by my daughter Lillie E. Henderson upon the devises and bequests herein made by me to her, and declare the same to be subject thereto.

" As at the time of the execution of this my will the 114 shares of the Consolidated Gas Co.'s stock hereinbefore bequeathed to my wife is pledged with C. A. Harned & Co., brokers, as margin on account of the stocks they are carrying for me, it is my will, and I hereby direct that in case the said 114 shares of the stock so pledged shall become in any way involved or incumbered, or shall so remain or shall have been disposed of upon such pledge or otherwise before or after I die, that then the same shall be redeemed and delivered to my wife; and, in case the said 114 shares aforesaid shall have been sold upon said pledge, I hereby direct that 114 shares of the same stock shall be procured in place thereof; and, in either event, the said 114 shares of stock so redeemed or procured shall be delivered to my said wife for her sole use and benefit. And that all the costs of such redemption, or of the purchase of new shares for the substitution, shall be a charge upon and against my three afore-mentioned children and their shares in the devises and bequests in my real and personal estate under this my will, one-third thereof to each of my three children."

The executors filed an inventory on December 16, 1891. This inventory showed a balance of cash belonging to the testator of $342.53. Also, of furniture, etc. (devised to the widow under the second clause in the will in lieu of dower), appraised at $3,500. The mortgages (the amount due on which and interest was devised to the widow and charged upon real estate by the seventh clause of the will) were appraised at $4,207.75, and a large quantity of stocks and bonds amounting to about $32,000 (including the gas stock devised to the widow under the second and eighth clauses of the will). All of the stocks and bonds were pledged by the testator for money advanced, amounting to $28,327.70. All of these stocks and

bonds were sold except the gas stock, and $23,113.75 was realized from the sale and paid to the brokers, leaving the gas stock pledged for a balance of $5,312.95. By mutual consent of all parties, the firm of Randolph & Randolph paid the balance due on the pledge and substituted themselves in the place of Harned & Co. as pledgees. This gas stock still remained at the time of the commencement of this action in the hands of Randolph & Randolph, subject to the payment of $3,213.95, with interest.

The $3,500, with interest thereon, left to the plaintiff by the seventh clause of the will, was collected by the executors from Lillie E. Henderson, the executors and the plaintiff signing a certificate that the amount had been paid and the mortgage satisfied, the plaintiff understanding at the time that the money was being collected for her. She demanded the money of the executors, but they did not pay it over to her. The executors have advertised for claims against the estate, and the total amount of claims presented and accepted amount to $2,957.03, which consist chiefly of charges for funeral expenses and medical services, outside of a note for $1,500. They have no moneys in their hands whatever, except the moneys received by them from Lillie E. Henderson in payment of the legacy given to the plaintiff, and charged upon the devise to her.

The executors have, therefore, been unable to redeem and deliver to the plaintiff the Consolidated Gas stock as by the will they were directed, hence this suit, the principal object of which is to compel redemption of the gas stock by the defendants Dunning, Chase and Henderson, upon whose devises such redemption is sought to be charged by the will; and to compel the executors to pay over to the plaintiff the amount of her legacies under the seventh clause of the will, which they received from Lillie E. Henderson, and to have the furniture declared exonerated from liability for the debts.

Bearing in mind the eighth clause of the will, it will be readily observed that the contingency contemplated by it, which should charge upon the devises and bequests to his children all the costs of redemption of the 114 shares of Consolidated Gas stock, or in the event of redemption being impossible, the purchase of new shares for the plaintiff, has happened. The stock was pledged with C. A. Harned & Co., brokers, at the time of testator's death, as

margin for him and was incumbered to the extent of over $5,000, and it still continues to be incumbered to that extent. The executors have had at no time in their possession funds applicable to the redemption of such stock, and they have failed to provide the necessary funds, not through any neglect of duty on their part, but because of their inability to do so.

In view of the positive language of the will, charging the costs of the redemption of this stock upon the devises to the three children, the acceptance of the devises by them, and the further fact that there is no other fund or estate to bear such burden, the conclusion seems inevitable that it is the plaintiff's right to have the cost of such redemption adjudged to be a charge upon property devised to the children, and it decreed to be sold for the purpose of securing the necessary funds with which to effectuate such redemption.

The contention that this stock, when redeemed should bear its proportion of the debts of the testator, is not well taken, for the reason, if there were no other, that the bequest having been made and accepted by the plaintiff in lieu of dower, she holds the same by right of purchase.

Nor do we see any reason for differing with the learned trial court in its conclusion, that it was the intention of the testator that his widow should receive the legacy of $3,500, bequeathed to her by the seventh clause of the will, at all events, and that Lillie E. Henderson should not receive the real estate devised to her unless the legacy should be paid to his widow in accordance with his request. The clause admits, and indeed, we think, requires, the construction, that this legacy was not a specific legacy, but a pecuniary one charged upon land.

The face value of the mortgage was $3,500, and covered lands of Lillie E. Henderson other than those devised to her by the will. Neither at the time of making the will, nor at testator's death, had these mortgages been recorded or any of the interest due thereon been paid to the testator. If the testator had simply bequeathed these mortgages to the plaintiff the legacy would be a specific one, but the clause further charged the payment upon the devises and bequests in the will to Lillie E. Henderson, which devises and bequests are declared to be subject hereto. Its language clearly manifests the intention of the testator to have been to provide for

the payment to his widow of the amount represented by the bonds and mortgages rather than that the bonds and mortgages should be transferred to her. By its terms, if the bonds and mortgages cannot be enforced against Lillie E. Henderson, or for any reason should not be, or the security should prove insufficient to realize the sum represented by them, nevertheless it was provided that such sum should be realized for the benefit of his widow by charging the same upon the devise and bequests to Lillie E. Henderson. This was a bequest of money and not of the specific bonds and mortgages. If this construction may be said to need the support of authority it would seem to be furnished by *Giddings* v. *Seward* (16 N. Y. 365), where the bequest was of " the sum of $1,200 and interest on the same contained in a bond and mortgage." The court held that the leading subject of the gift was not the bond and mortgage, but the sum of money mentioned. " It belongs (said the court) to a peculiar class of legacies usually termed demonstrative, which partakes so far of the nature of specific legacies that the security referred to in the bequest, if in existence and belonging to the testator at the time of his death, is set apart as a primary fund for the payment of the legacy." It is admitted that the defendant Lillie E. Henderson accepted and took possession of the property devised to her and afterwards paid to the executors the sum of money charged upon the devises and bequests to her by the seventh clause of the will. This sum, the court properly held, belonged to the widow. If the position be well taken, that it was the intention of the testator, by his will, to charge the legacies to which we have referred upon the lands devised, it would seem to follow, under the authority of *Hogan* v. *Kavanaugh* (138 N. Y. 417), that it was the right of the plaintiff to resort to equity to have the legacies declared to be a charge upon the lands devised and to enforce her lien as legatee.

In that case the action was brought to have the legacy bequeathed by the will of Edward Hogan made a special lien on certain real estate ; that the lien be enforced by a sale and the legacy paid out of the proceeds. The judgment, which went in favor of the plaintiff, further provided that the debts of the testator should be first paid out of the proceeds of the sale, although it then appeared that no proceedings had been taken in the Surrogate's Court, under the statute, for the purpose of selling the lands of testator to provide

for their payment, nor had the claims been proved in the manner provided by the statute. This part of the judgment the court so modified as to provide for the payment of the debts before the legacy, but only after the debts should have been duly established in the Surrogate's Court, and such proceedings had as would authorize a sale of the real estate of the testator for such purpose, and affirmed the judgment in other respects. The court said : " That part of the judgment, therefore, which declares the legacies to be a charge upon the land is correct, nor can there be any objection to the maintenance of an action in a court of equity to procure a judgment for that purpose, though it might not be proper in all cases and under all circumstances to direct a sale of the land for their payment.

" The primary fund for the payment of debts and legacies is the personal estate, and the land cannot be resorted to for that purpose until the personal is exhausted in the ordinary course of administration, and under the authority of the statute."

In this case the executors and all parties in interest save the creditors were parties to the action, and it appears from the stipulation made by the parties, and the evidence adduced, that the executors had advertised for claims and proceeded in the regular course of administration to a point which disclosed that there was no personal estate whatever applicable to the payment of the legacies.

Indeed, there was not personal estate sufficient to defray the expense of administration, let alone pay the claims against the deceased, which had been presented and accepted by the executors, and which it is conceded by the stipulation was due the claimants. This being so, the right of the plaintiff to maintain this suit for the purpose of enforcing the legatees' lien upon the lands devised is fully established by *Hogan's* case.

The trial court, proceeding upon the theory that when a court of equity has obtained jurisdiction of a case for one purpose, it may retain it for all purposes, and appreciating the legal right of the creditors of the testator to be paid out of the proceeds of the sale of his real estate, before the legacies charged therein can be paid, provided in the judgment, decreeing a sale of the property, that next after the payment of the expenses of the sale the proceeds should be applied " to the payment of such debts of said decedent as may have been proved upon an accounting, together with the expenses of

administration." This provision of the decree seems to be condemned by *Hogan's* case (*supra*), which proceeds upon the view that the lands of a decedent can only be sold for the payment of his debts in the manner provided by statute, which requires that the creditor shall establish his claim in proceedings had in a Surrogate's Court for the purpose of selling land to pay debts. Counsel relies upon an expression contained in the opinion of the court to distinguish this case from that one. The court, in considering whether a creditor who happens to be a party to an action of this kind can in any case assert his claim to the real estate of the deceased in a court of equity, said: "Possibly it might be done in a case where the regular process of administration had reached the stage where real estate could be sold for the payment of debts, and the executor or administrator who could represent creditors and the personal estate was a party."

Because the executors were parties to this suit, and that point had been reached in the regular course of administration where the executors could have instituted proceedings for the sale of testator's real estate for the payment of debts, appellant contends that this case comes within the exception which the court suggested might possibly exist.

In the first place, it should be said that the court did not decide that the case which it put would constitute an exception to the general rule, but a further and conclusive answer is that this case does not come within the supposed case suggested as a possible exception, in that the creditors, whose claims the decree undertakes to provide for, are not parties to the action.

The case suggested by the court was one where the creditor was made a party to the action for some purpose.

The creditors of the testator Dunning are not parties to this action; their claims have been admitted by the executors, it is true, but that fact does not entitle them to payment from the proceeds of the real estate. Under the statute it is necessary that they shall still establish their claims by competent evidence before a proper tribunal before they can receive any part of the proceeds of the real estate in payment of their claims.

The modification of the judgment in *Hogan's* case suggests the necessary modification to be made in this case.

The judgment should be modified by striking out the provision numbered second, and by substituting in place thereof the following : "To the payment of such debts of said testator as may hereafter be duly established in the Surrogate's Court, in proceedings taken to procure a sale of real estate for the payment of such debts. The sale and execution under this judgment to be stayed until such proceedings are had."

As thus modified, the judgment should be affirmed, without costs.

The discretion of the court was not improperly exercised in granting an extra allowance to the plaintiff, and the order relating thereto should be affirmed, with ten dollars costs.

Van Brunt, P. J., and Follett, J., concurred.

Judgment modified as directed in opinion, and affirmed as modified, without costs, and order granting allowance affirmed, with ten dollars costs.