(117 App. Div. 515)

BURNHAM et al. v. WHITE.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

TRUSTS—POWER OF SALE OF TRUSTEES—REAL PROPERTY—PROVISIONS OF WILL.
 Testatrix bequeathed all her property to trustees, to divide into as many portions as there were children living at her decease, or who, having predeceased her, should have left lawful issue remaining at her death, and directed that the trustees "pay over to" each of testatrix's sons, other than M., "his part or portion" in fee, and that M.'s "part or portion" should be managed by the trustees for his benefit; that the portion or parts "of such sums" set apart for the daughters should be held in trust for them and should be paid over on the death of any daughter to her appointee, and, in case of issue of testatrix's children who predeceased her, that the trustees should "pay over" to any such grandchild his proportion of all the fund held for the benefit of such issue on arriving at age; and, finally, that "upon all sales" made by the trustees their receipts should exempt the purchasers from being answerable for misapplication of the funds. *Held*, that the will vested in the trustees an implied power to sell testatrix's real estate.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 243.]

Submission of controversy on agreed statement of facts by William A. Burnham and another, as executors and trustees under the will of Mary A. H. Munroe, deceased, against William Hubbard White. Judgment for plaintiffs.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, HOUGHTON, and LAMBERT, JJ.

Frederic D. Philips, for plaintiffs.
Harold Swain, for defendant.

SCOTT, J. This controversy comes before the court upon an agreed statement of facts, and involves the question whether or not the will of Mary A. H. Munroe, deceased, confers upon her executors an implied power to sell her real estate; for it is obvious and conceded that the will contains no express power of sale. Upon the determination of that question depends the other which is whether or not the defendant shall be required to accept the deed tendered him by the plaintiffs in fullfilment of their contract to convey to him a piece of real estate in the city of New York. The general rule is not questioned that a power of sale will be implied when the manifest intent of the testator requires that the real estate should be sold and converted into money in order to carry into effect the provisions of the will. Although the question has been presented and discussed in many cases, no real advantage is to be derived from citing and comparing them, because in each case the application of the established rule must depend upon the particular provisions of the will under examination.

Mrs. Munroe's will gives all of her estate, real and personal, to plaintiffs as trustees, with instructions to divide the same into as many equal portions or parts as there may be children of hers living at her decease, or who, having predeceased her, shall have left lawful issue remaining at the time of her decease, setting apart for such issue of each child so deceased the share or shares to which its or their parents would have been entitled if living. The disposition of the several shares by the trustees is thus provided for:

"That they shall pay over to each of my sons other than John Munroe, his part or portion to be held in each case by him, his heirs, executors, administrators and assigns to his and their use and behoof forever. * * *

"The part or portion of my son John Munroe my trustees under this my will shall hold and manage in such manner as they shall judge beneficial for him. * * *

"The portion or parts of such sum set apart for the use and benefit of my daughters my trustees under this my will shall hold and manage in such manner as they shall judge beneficial for my said daughters. * * * And upon the death of each of my said daughters my said trustees shall pay over in each case the portion or part of said fund then held by them for the benefit of my said daughter so dying to such person or persons as my said daughter, so dying, may by her last will and testament in writing direct and appoint to receive the same, and in case of failure of my daughter so to direct and appoint then my said trustees shall pay over such portion or part of said fund so held by them. * * *"

In case of issue of testatrix's children who predecease her, the direction is that, when such issue shall arrive at the age of 21 years, the trustees "shall pay over to such grandchild its proportion of all the fund held by my trustees in trust for the benefit of such lawful issue so surviving at said age."

Finally, in the fourth clause of the will, is to be found this significant paragraph:

"Upon all sales which may be made by me (sic) trustees I will and declare that the receipts of my trustees shall exempt the purchaser or purchasers from being answerable for the misapplication or nonapplication of the purchase money, or being concerned to see the application thereof."

An examination and analysis of the will discloses as the clear, controlling scheme adopted by the testator that the estate shall be divided into separate parts or portions, one for each child, and throughout the instrument she uses words which are aptly used if her intention is found to be that her estate shall be converted into money, but are in many instances quite inconsistent with the idea that any part of it should be retained in the form of real estate. Where she provides that certain of her sons shall take their shares outright, her direction is that her trustees shall "pay over" to each son his part or portion. These words are peculiarly applicable where the subject of transfer is money, and would be entirely inapplicable to a transfer or conveyance of real estate. So, in case of a daughter who dies, the direction is that the trustees shall "pay over" the portion or part of said "fund" then held by them for the benefit of the daughter, and a similar provision is made with respect to grandchildren, to whom, on the attainment of their majority, are to be "paid over" their respective proportions of "all the fund" then held by the trustees for their benefit.

It is thus found that throughout the entire will the part or portion allotted to a beneficiary is designated as a "fund," and whenever the trustees are to transfer any part of the estate to a beneficiary the invariable mandate is to "pay over." The will is conventional in form. is couched in well-chosen language, and seems to be an instrument to which may well be applied that rule of testamentary construction which requires that words shall be taken in their primary and customary sense. A "fund," as generally understood and defined, means a sum of money, and as has already been said we commonly use the words "pay over" with reference to money, and never as the equivalent of the conveyance or transfer of real estate. We thus find that the will uniformly uses words which are applicable to money, and seldom or never uses words which are applicable to the transfer of real estate. The conclusion is irresistible that it was the intention of the testatrix that her estate should be converted into money, or its equivalent in personal property, and that is was no part of her intention that so much of her estate as consisted of real estate should be retained as such.

It follows that to carry out this intention the real estate must be sold, and an implied power of sale, therefore, rests in the trustees. We do not consider that the existence of this implied power is involved in any such doubt as would impose upon a purchaser a clouded title, or one which is unmarketable.

The plaintiffs are entitled to judgment that the defendant perform his contract of purchase. All concur.