THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, *v.* JUDSON B. WILDS, as Executor, etc., of CATHERINE H. B. SMITH, Deceased, Respondent.

First Department, July 11, 1918.

**Wills — action by mortgagee to enforce deficiency judgments out of proceeds of real estate devised by mortgagor to his wife — defense — increase of rate of interest on bond and mortgage — devise in lieu of dower — motion by plaintiff for judgment on pleadings — when land may be resorted to for payment of debts and legacies — Real Property Law, section 250, construed — pleading — complaint in action to enforce payment of testator's debts out of real estate devised to his wife.**

In an action by a mortgagee to enforce a deficiency judgment, a debt of a testator, out of the proceeds of real estate devised to his wife, the fact that the rate of interest was increased on the bond and mortgage by agreement between the plaintiff and the testator is no defense.

Nor is it a defense that the devise was made to the testator's wife in lieu of her dower right in his real estate which was of greater value than the devise and other provisions of the will in her behalf.

Where a widow elects to take a devise in lieu of dower she takes it subject to the same liabilities as any other devisee, and if the personalty be insufficient to pay the testator's debts, or if the land is expressly charged with the payment of debts, her interest is liable to be sold for that purpose.

A plaintiff who moves for judgment on the pleadings submits his complaint to the scrutiny of the court.

Although an answer does not state facts sufficient to constitute a defense the plaintiff cannot obtain a judgment upon the pleadings unless his complaint states a cause of action.

The rule that the primary fund for the payment of debts and legacies is the personal estate of the decedent and that the land cannot be resorted to for that purpose until the personalty is exhausted in the ordinary course of administration and under the statute, is not changed by section 250 of the Real Property Law.

Section 250 of the Real Property Law has no application to an action to enforce payment of a debt of a testator out of the proceeds of real estate devised to his wife unless the mortgage was a lien upon the premises devised or debts specifically charged upon the real estate.

A complaint in such an action, which fails to allege that the executors of the testator had accounted, or that they did not have sufficient personalty of the estate in their possession to satisfy the plaintiff's judgment, or that the plaintiff's claim was presented to the executor and that he had either rejected or refused to pay, is defective.

Where, on a motion by the plaintiff for judgment on the pleadings, the complaint is found to be insufficient but no motion for judgment is made by the defendant, the Appellate Division cannot dismiss the complaint.

APPEAL by the plaintiff, The Equitable Life Assurance Society of the United States, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of January, 1918, denying its motion for judgment on the pleadings consisting of an amended complaint and the answer thereto.

*William H. P. Oliver* of counsel [*L. A. Doherty* with him on the brief; *Alexander & Green,* attorneys], for the appellant.

*Yorke Allen,* for the respondent.

PAGE, J.:

This is an action brought against the executor of Catherine H. B. Smith, to recover from her estate $38,000, the agreed value, over and above all incumbrances, of certain real estate, devised to her by her husband. The facts alleged in the amended complaint more briefly stated are as follows: On April 23, 1900, William Wheeler Smith executed his bond to pay the sum of $1,400,000 to the plaintiff and as security therefor executed a mortgage on premises known as Nos. 3, 5 and 7 Wall street and 84 Broadway. William Wheeler Smith died April 5, 1908, leaving a will and codicil which were duly admitted to probate on June 10, 1908, and executors were duly appointed and qualified, and the complaint alleges that they are now acting as such executors. At the time of his death William Wheeler Smith was seized of premises known as No. 17 East Seventy-seventh street, which he devised to his wife Catherine H. B. Smith. On June 19, 1914, plaintiff commenced an action to foreclose said mortgage, and such proceedings were had that a judgment of foreclosure and sale was duly entered and a sale had thereunder. A deficiency judgment was, on the 1st day of August, 1916, duly entered against the executors and trustees of William Wheeler Smith. No part of this judgment has been paid. On or about March 27, 1914, Catherine H. B. Smith conveyed the premises No. 17 East Seventy-seventh street, which it is

alleged in the complaint and admitted in the answer was of the reasonable value of $38,000 and upwards over all incumbrances thereon before the premises passed to Catherine H. B. Smith. William Wheeler Smith at the time of his death was seized of no other real estate in the State of New York, except certain property situated at the southwesterly corner of Wall and Pearl streets, which was subject to the payment of a bond and mortgage made by William Wheeler Smith to secure the payment to this plaintiff of $300,000, which was foreclosed and a sale had, upon which a deficiency judgment was entered for the sum of $86,484.15 against the executors and trustees of the estate of William Wheeler Smith, as is set forth in the second cause of action in the complaint. The complaint further alleges that by the will of William Wheeler Smith his wife received personal property of the value of upwards of $38,000 and an annuity, which, with the devise of 17 East Seventy-seventh street, were in lieu of dower. The complaint also recites that the premises 3, 5 and 7 Wall street and 84 Broadway were devised to the executors of Smith's estate in trust to pay annually out of the rents, issues and profits to Catherine H. B. Smith the sum of $8,400, and that in her lifetime there was so paid a sum exceeding $46,000, and upon information and belief that the executors and trustees have disbursed practically all of the assets of the said estate and have retained and now have in their hands not to exceed $10,000, and upon information and belief that no other real property in the State of New York belonged to said Smith at the time of his death or passed to or was received by any other heir or devisee. Judgment is demanded for the sum of $38,000 with interest from March 27, 1914.

The answer sets up two defenses: The first is that by increasing the rate of interest from four to four and one-half per cent on said bond and mortgage by agreement with Smith and plaintiff, Catherine H. B. Smith was relieved from all obligation to pay the sum secured by mortgage. This is clearly unfounded, as this is not an action to recover on the supposed liability of Catherine H. B. Smith, predicated upon the covenant to pay the debt in the mortgage, but is an action to enforce payment of a debt of the testator out of the proceeds of real estate devised to her.

The second defense alleged in the answer is that the devise was made to Catherine H. B. Smith in lieu of her dower right in the decedent's real estate, which was of greater value than the devise and other provisions of the will in her behalf. In my opinion these facts do not constitute a defense. It is true that a widow's right of dower is not subject to the payment of debts, and where dower has been actually assigned her interest cannot be sold in proceedings brought for the sale of the decedent's real property to pay debts. (*Lawrence* v. *Miller,* 2 N. Y. 245; *Lawrence* v. *Brown,* 5 id. 394.) But where, as in the case at bar, the widow elects to take a devise in lieu of dower, she takes the devise subject to the same liabilities as any other devisee, and, therefore, if the personalty be insufficient to pay the testator's debts, or if the land is expressly charged with the payment of debts, her interest is liable to be sold for the purpose of paying the debts. (See *Miller* v. *Buell,* 92 Ind. 482; *Kline's Appeal,* 117 Penn. St. 139; *Stephenson* v. *Brown,* 4 N. J. Eq. 503.)

It does not follow that the order should be reversed. A plaintiff who moves for judgment on the pleadings necessarily submits his complaint to the scrutiny of the court. For even if the answer does not state facts sufficient to constitute a defense, the plaintiff cannot obtain a judgment unless his complaint states facts sufficient to constitute a cause of action.

The primary fund for the payment of debts and legacies is the personal estate of the decedent, and the land cannot be resorted to for that purpose until the personalty is exhausted in the ordinary course of administration and under the statute. (*Kingsland* v. *Murray,* 133 N. Y. 170; *Hogan* v. *Kavanaugh,* 138 id. 417, 421; *Dunning* v. *Dunning,* 82 Hun, 462; affd., 147 N. Y. 686.)

The plaintiff's counsel is mistaken in his claim that section 250 of the Real Property Law has changed this rule. That section applies, in terms, to real property which descends to an heir or passes to a devisee, subject to a mortgage that is a lien upon that specific parcel of real estate. In such a case the heir or devisee takes the property *cum onere* the mortgage debt, and must satisfy it out of his own property and cannot resort to the personal assets of the estate, unless there is an express direction in the will that the mortgage shall be paid

and satisfied by the executors.   This section has no application to the instant case.

At common law the real estate of a decedent in the possession of an heir or devisee was not liable for the debts of the ancestor, unless the same were specifically a lien or charge thereon. By statute in this State (Decedent Estate Law, § 101): " The heirs of an intestate, and the heirs and devisees of a testator, are respectively liable for the debts of the decedent, arising by simple contract, or by specialty, to the extent of the estate, interest, and right in the real property, which descended to them from, or was effectually devised to them by, the decedent." As pointed out in *Read* v. *Patterson* (134 N. Y. 128, 131), this liability was first created by statute in 1786, and the subsequent statutes, conferring power upon the Surrogates' Courts to order the lands of a decedent to be sold and the mode of procedure prescribed by the Revised Statutes, were remedial and were conditions precedent to the establishment of the creditor's right to maintain the action, and the court said: " It, therefore, follows that the operation of the provision of the statute that the plaintiff must show that he ' will be unable, with due diligence, to collect his debt by proceedings in the proper Surrogate's Court, and by action against the executor or administrator,' " etc.  An historical review of these statutes will be found in *Personeni* v. *Goodale* (199 N. Y. 323, 333).

In the complaint in the case at bar it is alleged that the executors of William Wheeler Smith are still acting as such, and that at the time of the bringing of this action they had about $10,000 in their possession.   It is not alleged that they had accounted or distributed the estate, or that they did not have sufficient personalty of the estate in their possession to satisfy the judgments, either at the time of the commencement of the actions to foreclose the mortgages, or at the time of the recovery of the judgments for deficiency as against them, nor indeed that they did not have other personalty, besides cash, at the time of bringing this action.   The liability of the devisee arises, as has been above stated, only where there is not sufficient personalty to satisfy the debts.   In fact the deficiency judgments should have provided that the same be paid out of the estate in the hands of the executors in due

First Department, July, 1918.                    [Vol. 184.

course of administration.   (*Glacius* v. *Fogel*, 88 N. Y. 434.) Until all remedies against the estate were exhausted, no cause of action would arise against the devisee.

There is a further consideration wherein this complaint is defective.   It is brought against the executor of the deceased devisee, and there is no allegation that the claim was presented to the executor and that he had either rejected or refused to pay.

From these considerations it is evident that the complaint fails to state facts sufficient to constitute a cause of action, and that plaintiff's motion was properly denied.   There having been no counter motion for judgment made by the defendant, we cannot dismiss the complaint.

The order should be affirmed, with ten dollars costs and disbursements.

Laughlin, Smith and Merrell, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.