## In the Matter of the Estate of CHARLES ROSENBERG, Deceased.

Surrogate's Court, Richmond County, November 21, 1932.

*Henry A. Blumenthal*, for the surviving executors and trustees.

*Sidney Cantor*, for Jacob Rosenberg and others.

*Edward M. Seguine*, special guardian.

SMITH, S. The surviving executors and trustees of the last will and testament of Charles Rosenberg, deceased, request the determination of this court as to whether the power of sale in said will is still operative, and if so determined, then for the advice and direction of the surrogate as to the best manner and time of sale of the real property disposed of by the will of the decedent.

The will creates a trust of decedent's estate for the life of his widow, and upon her death creates trusts of $20,000 each for the life of eight of his ten children, with a direction *to pay over* to each child one-half of such trust fund at the expiration of three years after the death of said widow (the widow died June 12, 1929), and the remainder of such trust fund, at the expiration of five

years from the date of the payment of the first half, with permission to the executors and trustees, in their discretion, to make such payments before the time named; and creates trusts of the remainder of the estate, for the lives of his ten children, with a direction *to pay over* the principal of said trust funds created from the residuary estate, to each of the eight of the ten children, for whom trusts of $20,000 each were created, at the time named, for the payment of the principal of said $20,000 trusts.

The trusts for the other two children were to continue for the life of each.

The will contains a power of sale as follows:

" *Eighth.* I hereby authorize and empower my said executors and trustees above named, or such of them as shall have qualified, and their successors, during the administration of my estate by them, to sell at public or private sale, lease for such period, regardless of any statutory limitation, as they may deem advisable, exchange or otherwise dispose of the whole or any part or parts of the real estate of which I may die seized, or possessed, or to which I may be or become entitled, or which they may acquire by reason of any investments made by them or otherwise, upon such terms and in such manner and at such time and times as they may deem most advisable."

More than three years have elapsed since the death of the widow of the decedent, and the authority of the executors and trustees to sell valuable real estate of the decedent, located in the counties of Richmond, New York and Bronx, may, in the opinion of the executors and trustees, be questioned on the assumption that as the real property was not sold before the time named when one-half of the trust funds should be paid over, then that the power of sale became inoperative, and could not thereafter be exercised. Such an interpretation cannot be found from the facts.

The estate of the decedent was in the greater part real property which would have to be sold to carry out the direction contained in the will, in relation to eight of the ten trusts of the residuary estate, viz.: " * * * *to pay over* unto each child * * * one-half of the principal of said *fund* so held in trust * * * and retaining the remaining one-half in trust for each such child, and to continue to pay over semi-annually the income thereof; and at the expiration of five years from the date of such payment or sooner, if in their discretion my said executors and trustees deem it advisable, to *pay over* unto each such child * * * the remainder of the principal of such trust fund and all accumulations thereon," indicate to my mind, that the general plan of the testator was that his real property should after the death of his

widow be converted into money, and the fund paid to the beneficiaries, as directed by the will. Unquestionably a conversion is to be found from the words used in relation to the trusts. (*Burnham* v. *White*, 117 App. Div. 515.) And necessarily the power must continue until all of the real property is disposed of. I hold that the power is imperative and without limitation of time, but must be exercised as speedily as the true value of said real property can be realized. The power of sale being imperative, the executors and trustees seek the advice and direction of the surrogate as to the manner and time of sale of the real property of the decedent.

Two proceedings are involved in the one application. The first as to construction, and the other as to advice and direction required by such construction. Such an application is unusual, but as the same are interrelated and the last involves the first, I find no objection to disposing of both applications, either as a court, or as a surrogate, at the same time.

A proceeding for advice and direction as to time and place of sale of real property is sparingly exercised by the Surrogates' Courts, and only in exceptional cases. Is this an exceptional case? I believe that it is, for the present period of depression has continued for such a length of time that, from the opinions of real estate experts, who testified in said proceeding in relation to the present selling value of the real property left by the decedent in the counties of Richmond, New York and Bronx, conditions are so unusual that there is not only a stagnation in the real estate market in those counties, but an absolute failure of any market, and that there is no demand for real estate at the present time. The surrogate has the power to direct the executors and trustees to carry out the direction of the testator to convert the land, but as none of such property could now be sold, if at all, for more than a small proportion of the real value, I believe that it would be for the best interests of all concerned to defer the sale to some future time when a market can be found for such real property. Who can say when such time will be? But I feel reasonably assured that the beneficiaries will notify the executors and trustees when such time arrives.

I, therefore, direct that the sale of the real property left by Charles Rosenberg at the time of his decease, and heretofore undisposed of by his executors and trustees, be suspended until there is a market for real estate in the counties hereinbefore named, but that said executors and trustees dispose of all of such real property when a market for real estate is again created as speedily as possible for a consideration not less than the value at which the same is appraised by competent real estate appraisers of the city of New

York, acceptable to the attorney for the beneficiaries who have appeared in this proceeding, and the names of whom shall be inserted in the decree to be entered herein. Should such attorneys not agree, such appraisers will be designated by the surrogate. But I further direct that the said executors and trustees shall before entering into any contract for the sale of any of the real property of the decedent give five days' notice by mail to each of the beneficiaries for whom trusts were created by said will of the proposed contract, and the terms thereof, and that thereupon any one or more of said beneficiaries may elect to take over said real property upon the same terms and conditions as the proposed purchaser thereof.

Allowances will be made to the special guardian and the attorneys who appeared herein.

Enter decree accordingly.