In the Matter of the Estate of WILLIAM J. GRAVES, Deceased.

Surrogate's Court, Erie County, March 28, 1950.

*John H. Little* for Walter V. Fox, as executor of William J. Graves, deceased, petitioner, and others.

*Samuel D. Magavern* for Claris G. Babcock and others.

*Carleton P. O'Connor* and *Samuel E. Chasin* for Raymond Cresco.

*Matthew Weimer* for Edward Schlickerman.

*Anthony Manguso* for August Hoak and another.

BUSCAGLIA, S. The executor of this estate brings this proceeding under section 215 of the Surrogate's Court Act. This section provides that when the assets of an estate consist of real property which an executor is authorized to sell the Surrogate may, under certain conditions, give advice and direction to the representative as to the " propriety, price, manner and time of sale thereof ".

Letters testamentary were issued to this executor in July, 1949. One of the main assets of the estate was a tavern business located in downtown Buffalo. Upon qualifying as executor the executor made efforts to dispose of the business as well as the building. In the middle of October, 1949, he entered into a contract for the sale of the building and the business for $37,000. It should be mentioned that about a week prior to the execution of the contract the prospective purchasers asked that they be given a week's oral option, during which time they would secure a loan in order to buy the business. It appeared that during this week the executor had some conversation with one Mr. Cresco wherein Cresco intimated that he might be willing to make a higher offer than that already made. The executor, however, took the position that since he had given his word to the original bidders — two brothers named Hoak — he felt bound to keep his word. This first contract contained a clause stating that it was subject to the approval of the Surrogate's Court.

Subsequently, in January, 1950, certain of the beneficiaries under the decedent's will procured an offer from Mr. Cresco of $42,000 and suggested to the executor that he accept this offer, notwithstanding his contract. The executor then entered into another contract for the sale of the property to Mr. Cresco for $42,000.

In this proceeding the executor asked the advice of the court as to which contract he should carry out. The Surrogate exercises the discretion vested in him by section 215 only in excep-

tional cases. (*Matter of Rosenberg,* 145 Misc. 581; *Matter of Pulitzer,* 139 Misc. 575.) I find no case which presents a similar fact situation to the present case. This section of the Surrogate's Court Act was generally invoked when there was no market whatever for real property and an executor sought to relieve himself from any responsibility for a sale at an inadequate price or from a failure to sell and subsequent depreciation of the property. (For example, *Matter of Rosenberg, supra.*)

It certainly would seem, however, that this is a special type of case in which the Surrogate may properly give advice and direction to the executor. It should be stated that appraisers appointed by the court have determined that both of the contract prices are fair and reasonable.

As to the disposition of such a proceeding, section 215 states, in part, " The surrogate shall inquire into the facts and circumstances and may hear the opinions of witnesses as to the value of such property and as to the best manner and time of sale thereof, and may give such advice and direction as shall seem to him for the best interest of the parties."

It is the function of this court to preserve and to enhance, as far as possible, the assets of decedents' estates. It would appear that the executor here has entered into two contracts, both of which may be determined to be binding upon the estate. I find no authority for the proposition that the contract first entered into should be performed rather than the second. Obviously, it is to the advantage of the estate that the second contract, calling for a higher price be performed.

It appears that the first contract was negotiated by a real estate broker and the executor also seeks advice and direction as to whether or not this broker is entitled to a commission and whether or not this commission should be paid from the estate. Since there was a contract negotiated through the efforts of this real estate broker the court feels that that person is entitled to his commission and that that commission is a proper charge against the estate, despite the fact that that contract is not to be performed.

The executor also seeks the advice and direction of the court as to whether or not he should continue to operate the business pending the closing. On the hearing both of the prospective purchasers stated that it was a part of their contract that they were to purchase a going business and that to close down the business prior to the closing would constitute an unanticipated and unfair

**558**

burden on the purchaser.  The executor is therefore authorized to continue running the business until it is turned over to Mr. Cresco.

An order may enter in accordance with the terms of this decision.