Burke, J.
 

 In this proceeding brought by the administrator pursuant to section 215 of the Surrogate’s Court Act seeking advice in connection with the sale of real property, the Appellate Division has modified the decree of the Surrogate by direct
 
 *27
 
 ing a sale of the property to the respondent Wicks. The court below held that, after giving effect to its finding of a waiver of a brokerage commission, the Wicks offer yielded a net price which is higher than an offer secured by the administrator from a Miltod Corporation and approved by the Surrogate.
 

 The offers were submitted by the administrator and the attorney for the life tenant in accordance with an arrangement made by them in a written agreement. The agreement provided that the administrator, upon receipt of an offer to purchase the property which he determined was reasonable, would notify the attorney for the life tenant of the offer, and that the attorney for the life tenant would have seven days from the date of notice in which to procure a better offer. In the event that the attorney for the life tenant was successful in his efforts, the property would forthwith be sold to the offeror specified by the attorney for the life tenant. If the attorney for the life tenant was unable to obtain a better offer from a prospective purchaser, the property was to be sold to the offeror named in the notice given by the administrator. A commission of 5% was to be paid to the successful broker.
 

 The appellants who favor the Miltod offer contend that the record unequivocally shows that the attorney for the life tenant who produced the Wicks offer did not waive a commission in the event of a sale to Wicks.
 

 The conflicting interpretations of the testimony on the subject of the waiver of commission do not require discussion, as the issue can be resolved by the application of the familiar principles governing the acts of Surrogates and fiduciaries. A Surrogate must determine whether a sale is for the best interests of the estate (Surrogate’s Ot. Act, § 215). “It is the function of this court [Surrogate’s] to preserve and enhance, as far as possible, the assets of decedents ’ estates. * * * It is to the advantage of the estate that the * * * contract, calling for a higher price be performed.”
 
 (Matter of Graves,
 
 197 Misc. 555, 557.) Where interested parties stand in a fiduciary relationship to the estate, added compensation for extra services is subjected to strict scrutiny.
 
 (Matter of Gerbereux,
 
 148 Misc. 461, 467.)
 

 In this case the Wicks offer yields the highest net price only if the administrator is allowed a brokerage commission and the attorney for the life tenant denied a commission.
 

 
 *28
 
 But the agreement insofar as it attempted to grant individual rights to the administrator of the estate was void. An administrator is a fiduciary burdened with obligations requiring diligence in the supervision and direction of estate matters. He could not validly agree to limit the search for prospective purchasers. The agreement seeks not to obtain the best sale but rather limits the bidding to the best offer that the administrator or the attorney for the life tenant could produce. The administrator and the attorney for the life tenant placed themselves in a position that conflicted with the fiduciary duties they owed the beneficiaries of the estate.
 
 “
 
 Where an actual conflict of interests exists, no more need be shown * * * to support a denial of compensation.”
 
 (Woods
 
 v.
 
 City Bank Co.,
 
 312 U. S. 262, 268;
 
 Matter of Welling,
 
 51 App. Div. 355; cf. Bogert, Trusts and Trustees [2d ed., 1959], § 543, subd. [S], p. 573.) No dilution of, or encroachment upon, these standards is permissible.
 

 The agreement, therefore, is ineffectual as an authorization for the payment of commissions to the administrator. If an administrator has acted properly, compensation for his efforts may be payable on an accounting
 
 (Lent
 
 v.
 
 Howard,
 
 89 N. Y. 169, 179;
 
 Matter of Popp,
 
 123 App. Div. 2; Surrogate’s Ct. Act, § 285; see, also,
 
 Matter of Schinasi,
 
 277 N. Y. 252, 266) but an allowance of real estate commissions is unwarranted where an administrator limits a sale of the property to the efforts of his own concern and those of the attorney for the life tenant.
 

 Since commissions are not payable to an administrator for a sale of property where the negotiations were so limited, the Surrogate should have directed the sale to Miltod free from commissions.
 

 Accordingly, the order of the Appellate Division should be reversed and the matter remitted to the Surrogate’s Court, Nassau County, for further proceedings in accordance with the opinion herein, with costs to all parties appearing separately and filing separate briefs, payable out of the estate.
 

 Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
 

 Order reversed, etc.