■ In the Matter of the Estate of JOSEPH SASO, Deceased. DEVONSHIRE LANE SERVICE, INC., et al., Appellants; SALVATORE SASO, as Administrator of the Estate of JOSEPH SASO, Deceased, et al., Respondents. (Action No. I) DEVONSHIRE LANE SERVICE, INC., Appellant, v. SALVATORE SASO, as Administrator of the Estate of JOSEPH SASO, Deceased, Respondent. (Action No. II) —

No opinion. Munder, Martuscello and Benjamin, JJ., concur; Hopkins, Acting P. J., and Kleinfeld, J., concur in the affirmance of the judgment and in the affirmance of the decree insofar as it affects appellant Devonshire Lane Service, Inc., but otherwise dissent and vote to modify the decree so as to strike therefrom the last decretal paragraph, which dismissed the claim of appellant Rikelman, and to substitute therefor a provision directing the administrator to pay a commission to said appellant as a proper charge against the estate, with the following memorandum: There is no dispute that the administrator and the appellant broker agreed that the broker was to provide a purchaser for the property in question. No mention was made that the Surrogate's approval was required. On Feburary 7, 1969 the broker produced a buyer, appellant Devonshire, who was prepared to purchase under the conditions then specified by the administrator. Thereupon the broker became entitled to his commission. Subsequently a rider was added to the contract with Devonshire to the effect that that contract would require the Surrogate's approval before becoming effective. The Surrogate disapproved that contract and approved a different one, the one made by the administrator subsequently with the respondent Parhas Company, which was for a higher price. Under the circumstances, it would be unconscionable for the appellant broker to be denied compensation merely because a subsequent purchaser for a higher price was found (see Matter of Graves, 197 Misc. 555).