■ In the Matter of the Estate of WILLIAM W. WACHT, Deceased. SIDNEY H. REICH et al., Appellants-Respondents; MILTON KREITZMAN, Respondent, and DAVID J. FREEMAN et al., Respondents-Appellants, et al., Respondents.—In a proceeding by Milton Kreitzman, as executor-trustee of the estate of William W. Wacht, deceased, to require the estate of Reuben Chase, deceased, to refund to the estate of William W. Wacht, deceased, a sum of money paid to Reuben Chase, allegedly in excess of the fair value of his legal services to the Wacht estate, which proceeding was consolidated with a proceeding by Milton Kreitzman for the judicial settlement of his account as executor of the Wacht estate, the parties cross-appeal from stated portions of an intermediate decree of the Surrogate's Court, Westchester County, dated January 31, 1978, which, *inter alia,* ruled that the cofiduciaries were not entitled to commissions, and awarded certain counsel fees. Intermediate decree modified, on the law, by (1) (a) deleting from the seventh decretal paragraph thereof the provision fixing $3,500 as the fair value of the legal services, inclusive of disbursements, rendered by Reuben Chase, the deceased attorney and coexecutor of the estate of William W. Wacht, and (b) increasing the refund prescribed by that paragraph to be made to the estate of William Wacht for excess legal fees taken by Reuben Chase by the sum of $3,500, viz., from the sum of $25,872.10 to $29,372.10, (2) deleting the tenth decretal paragraph thereof (which directs a $10,000

surcharge representing "the increased legal expenses attributable" to the actions of Reuben Chase and Milton Kreitzman as coexecutors) and (3) directing that in the eighth decretal paragraph thereof the amount of trustee commissions surcharged against Reuben Chase for trustee commissions taken by Kreitzman be reduced by $13,500. As so modified, intermediate decree affirmed insofar as appealed from, without costs or disbursements, and the proceeding is remitted to the Surrogate's Court, Westchester County, for entry of an amended intermediate decree. In our opinion, the subject stipulation for the $90,000 surcharge precluded the additional surcharge of $10,000 for "increased legal expenses" attributable to the actions of Chase and Kreitzman as coexecutors. The $90,000 surcharge indemnified the Wacht estate for tax penalties and resultant interest inflicted, for losses sustained due to improvident loans, and/or brokerage fees improperly taken. The stipulation left for the Surrogate's determination whether fiduciary commissions and legal fees taken should be refunded but it did not authorize assessment of the added $10,000; that sum was not actually taken by Chase. It was clearly error to surcharge Chase for $13,500 in trustee commissions taken by Kreitzman after Chase's death. The successor attorneys of the Wacht estate and the Attorney-General so concede. However, with respect to the $29,372.10 legal fees taken by the late Reuben Chase, on the facts of this case it was error to allow $3,500 for his legal services, and to thus direct a refund of $25,872.10 rather than the $29,372.10 in legal fees taken by him (see *Matter of Jones,* 8 NY2d 24; *Matter of Clarke,* 12 NY2d 183). We find no further basis for disturbing the determination under review. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.