Matter of Kahn (2019 NY Slip Op 04384)





Matter of Kahn


2019 NY Slip Op 04384


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-08617
 (Index No. 2992/16)

[*1]In the Matter of Gloria Kahn, deceased. Brian Kahn, petitioner-appellant.


Lehrman & Maseng, PLLC, Brooklyn, NY (Michael A. Lehrman of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to SCPA article 21, the petitioner appeals from an order of the Surrogate's Court, Kings County (John G. Ingram, S.), dated May 17, 2017. The order denied the petition to remove restrictions set forth in letters of administration issued to the petitioner in his capacity as administrator of the decedent's estate prohibiting him from, inter alia, selling real property owned by the decedent at the time of her death.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner, who is the administrator of the decedent's estate, petitioned the Surrogate's Court to remove restrictions set forth in letters of administration issued to him that prohibited him from, inter alia, selling real property owned by the decedent at the time of her death. The petitioner represented that the real property was encumbered by a mortgage on which the decedent owed $870,000 plus interest and penalties, that the property was in foreclosure, and that it had a fair market value of only $325,000 and needed repairs that would cost approximately $133,000. Accordingly, the petitioner sought authorization to conduct a "short sale" of the premises for the total sum of $308,750. No opposition to the petition was filed.
Although the petitioner submitted, inter alia, the lender's letter approving the short sale, an appraisal establishing the value of the property and the cost of the repairs needed, and a waiver and consent signed by a fellow distributee of the estate, he did not submit evidence establishing, among other things, the existence of the mortgage or the sum owed thereon, the existence of the foreclosure proceedings, or that he and the individual who submitted the waiver and consent were the only distributees of the estate. The Surrogate's Court denied the petition on the ground, inter alia, that the petitioner had not made an adequate showing that a short sale was in the best interests of the estate. The petitioner appeals.
The role of the Surrogate's Court is to " preserve and enhance, as far as possible, the assets of decedents' estates'" (Matter of Jones, 8 NY2d 24, 27, quoting Matter of Graves, 197 Misc 555, 557 [Sur Ct, Erie County]). This includes the power to authorize an executor or administrator to compromise debts which must be settled for the estate to be settled (see SCPA 1813[1]). In fulfilling these duties, a Surrogate should be guided by the best interests of the estate (see generally SCPA 201[3], 209; Matter of Stortecky v Mazzone, 85 NY2d 518, 524; Matter of Fitch, 160 NY 87, 92; Matter of Beharrie, 84 AD3d 1227, 1228; Matter of Lanyi, 147 AD2d 644, 647).
A decedent's personal property is the primary source for the payment of the decedent's debts, and land cannot be used as a source of funds unless the personalty has been exhausted (see Equitable Life Assur. Socy. of U.S. v Wilds, 184 App Div 435, 438; Matter of Doyle, 180 App Div 398, 402). However, the primary source for payment of a mortgage debt is the mortgaged premises (see Jemzura v Jemzura, 36 NY2d 496, 501; EPTL 3-3.6). To obtain court authorization to sell real property to satisfy a decedent's debts, including mortgage debts, a personal representative must demonstrate that the decedent's personal property is insufficient to satisfy the debts (see SCPA 1902[3]; Jemzura v Jemzura, 36 NY2d at 501; Matter of Cunniff, 272 NY 89, 99-100; Matter of Clark, 271 App Div 691, 695-696; Equitable Life Assur. Socy. of U.S. v Wilds, 184 App Div at 438; Matter of Doyle, 180 App Div at 402).
A Surrogate has " the right to decree intelligently, and upon equitable principles, and to order [executors' and administrators'] conduct upon principles of justice and of reason,'" and may not " rubber stamp'" an application without examining its basis (Matter of Stortecky v Mazzone, 85 NY2d at 524, quoting Matter of Wagner, 119 NY 28, 31). Here, we agree with the Surrogate's Court's determination that, without other evidence, the petitioner's conclusory assertions regarding the extent of the decedent's personal property and debts, the existence and status of the mortgage, and the identities of potential distributees were insufficient to support the relief he sought.
Accordingly, we agree with the Surrogate's Court's denial of the petition to remove restrictions set forth in letters of administration issued to the petitioner in his capacity as administrator of the decedent's estate prohibiting him from, inter alia, selling real property owned by the decedent at the time of her death.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court