her personal estate such a sum of money as will be sufficient to yield an annual income of $250, and to pay the said interest and income over to a sister. The will then continues: "Upon the decease of my said sister, I direct that the before-mentioned principal sum, and all accumulations thereon, shall go to, and form part of, my residuary estate." The residuary legatees are the children of testatrix. The executors set aside $5,000 for the purpose of carrying out this direction, and, by reason of an improper investment of one of the trustees, this amount has now been reduced to about $3,500, a sum entirely inadequate, just as the original sum set apart was, to produce an income of $250. An application is now made on behalf of this legatee, under section 2722 of the Code of Civil Procedure, to compel the administratrix c. t. a. to make a semiannual payment on the basis created by the decedent. If this payment were allowed, the corpus of the principal sum would have to be encroached upon, and the only question to be decided is whether this bequest is given as an annuity or as the interest of a fund. If it be an annuity, then the $250 must be paid annually, whether the principal fund is eaten into or not; whereas, if it be a gift of income merely, the fund must be kept intact, and the legatee can only have such interest as it produces. The answer to this important inquiry depends mainly on ascertaining the intention of the testatrix. Delaney v. Van Aulen, 84 N. Y. 16. Evidently she wholly relied on the ability of her trustees to set apart a sufficient sum to yield the stated income. Whatever that sum should be, however, she specifically makes it part of her residuary estate after the death of her sister, thus clearly showing that none of the principal should be used upon failure of income. This specific disposition is, to a large extent, a controlling element. Whitson v. Whitson, 53 N. Y. 479. It seems to me beyond a doubt that it was the desire of the testatrix that her children should share this entire fund after its purpose of yielding a life income had been performed; in other words, this gift is plainly one of income. The fact that the trustees failed to obey the direction of decedent, by making inadequate provision for her sister, should not be permitted to thwart the intention expressed in the will. It may be unfortunate for the petitioner that this construction must be placed upon the clause in question. Still, in a case such as the present one, a beneficiary may have his remedy against the trustees on an accounting. The application will be granted only so far as directing the payment of the income of the principal fund in the hands of respondent; otherwise, it will be denied.

Decreed accordingly.

(28 Misc. Rep. 602.)

## In re WOODWARD'S WILL.

(Surrogate's Court, New York County. July, 1899.)

DISCOVERY—PETITION—INSPECTION OF PRIOR WILL.

    Where many of the material allegations in a petition for an order requiring a temporary administrator to give petitioner an inspection of a prior will of deceased are made on information and belief, without showing the sources of information, or the grounds of belief, and such allegations

are not corroborated with affidavits of informants, and it is not shown that the will of which inspection is sought will be of advantage to petitioner, the application must be dismissed.

Applications for orders granting inspection of a document in possession of the temporary administrator of Frances Mary Woodward, deceased. Applications dismissed.

Wilcox, Adams & Green, for petitioners.

Hector W. Thomas, for respondent.

VARNUM, S. A contestant of the will and a beneficiary thereunder make separate applications for orders requiring the temporary administrator, a trust company, to give petitioners an inspection of a prior will of the decedent, in its possession. Although, under section 2472 of the Code of Civil Procedure, this court is given jurisdiction to direct and control the conduct of executors and administrators, yet this power is expressly limited by the pointed direction that "this jurisdiction must be exercised in the cases and in the manner prescribed by statute." The powers conferred by subdivision 5 of section 2481 are similarly limited. Grave doubt has, therefore, been expressed whether an order of the kind here prayed for can be made by reason of any inherent jurisdiction of this court. Dale v. Stokes, 5 Redf. Sur. 586, affirmed in 28 Hun, 564. This doubt becomes intensified when it is remembered that under section 2538 the provisions relating to the discovery of books and papers (sections 803–809) are expressly made applicable to surrogates' courts, thus making the inference a strong one that all questions relating to applications such as are here made must be entirely tested and determined by those provisions. The petitioners, indeed, seem to regard their applications as discovery proceedings, and so I believe they should be considered. This being so, the many stringent rules that have been laid down in reference to such proceedings become directly applicable. It appears that many of the material allegations are made on information and belief, without showing the sources of information, or the grounds of belief, and without corroborating these allegations with affidavits of informants. Nor is it shown that the paper of which inspection is sought will actually be of advantage to the petitioners. It is apparent that these motions are made simply to ascertain whether or not this prior will can aid petitioners. There are other vital objections to the applications, but I have indicated a sufficient number to make it apparent that the petitions are fatally defective. Manufacturing Co. v. Gorham, 83 Hun, 342, 31 N. Y. Supp. 965; New England Iron Co. v. New York Loan & Improvement Co., 55 How. Prac. 351. The applications must be dismissed.

Applications dismissed.