(93 Misc. Rep. 401)

## In re GOLDFARB'S ESTATE.

(Surrogate's Court, New York County.   January 21, 1916.)

EXECUTORS AND ADMINISTRATORS ☞364—SALE UNDER ORDER OF COURT— STATUTE.

An application by the administrator with the will annexed for an order authorizing the sale of testator's equity in realty for a sum which, in the administrator's opinion, represented its market value, will be denied, as the terms upon which a sale of realty may be made or the procedure in such sale should be left to his discretion, where there is no apparent reason why he should not follow the usual course adopted in disposing of realty devised subject to a testamentary power of sale.   It is only where exceptional circumstances exist that the surrogate should exercise the power conferred by Code Civ. Proc. § 2685, and authorize a sale in a particular manner or for a particular price.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1495–1497; Dec. Dig. ☞364.]

Application by the administrator with the will annexed of the estate of Hyman Goldfarb for an order to sell certain real estate.   Denied.

Rosenberg, Levis & Ball, of New York City, for administrator.

FOWLER, S.   This is an application by an administrator with the will annexed for an order authorizing him to sell certain real estate in the manner and upon the terms mentioned in the petition.   The real estate was held by the testator subject to a first and second mortgage, and the petitioner alleges that a former tenant has offered to purchase the testator's equity for a sum which, in the opinion of the petitioner, represents the market value of such equity.   I am inclined to think that the terms upon which a sale of real estate in this city may be made, or the procedure to be followed in effecting a sale, should be left to the discretion of the representative of the estate, and it is only where exceptional circumstances exist that the surrogate should exercise the power conferred upon him by section 2685, C. C. P., and authorize a sale in a particular manner or for a specified price.   In this matter there is no apparent reason why the administrator with the will annexed should not follow the usual course adopted by representatives of estates in disposing of real estate devised subject to a testamentary power of sale.

The petitioner also asks the court for directions as to the sale of articles of merchandise used by the testator in the manufacture of millinery.   The petition does not state facts which would enable the court to approve the particular method of sale suggested by the petitioner, neither does it show the existence of such unusual or peculiar circumstances as would render it inadvisable or inexpedient on the part of the administrator with the will annexed to dispose of these articles in the ordinary course of business.

The application is denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes