In the Matter of the Estate of SAMUEL KRAUS, Deceased.

Surrogate's Court, New York County, December, 1922.

**Trusts — decedent's estate — void trust agreement — title of securities in administrators of estate — sale by administrators.**

Where a trust attempted to be set up in certain agreements under which certificates of corporate stock owned by decedent at his death are held by another as trustee, is palpably void because the power of alienation of the stock is suspended for a period forbidden by the statute against perpetuities, the title to the stock is in the administrators of the decedent, and the surrogate is warranted, all of the parties in interest consenting, in granting an order for a sale of the stock.

Surrogate's Court, Westchester County, December, 1922.    [Vol. 120

APPLICATION by administrators for instructions.

*Jones & Neuberger*, for petitioners.

*Worcester, Williams & Saxe*, for trustee.

FOLEY, S.   This is an application by the administrators for the advice and direction of the surrogate as to a proposed sale by them of 960 shares of the capital stock of the Eagle Pencil Company and 960 shares of stock of the Hudson Lumber Company owned by decedent at the time of his death.   The certificates therefor are now in the hands of Philip Berolzheimer, president of the Eagle Pencil Company, as trustee under certain agreements dated February 12, 1885, February 26, 1887, and December 16, 1911. The trust attempted to be set up by the three agreements is palpably void.   The power of alienation of the stock of the Eagle Pencil Company and the Hudson Lumber Company is suspended for a period forbidden by the statute against perpetuities.   Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Matter of Thaw*, 182 App. Div. 368.   Title to the stock in question is, therefore, in the administrators and the application is properly before this court.   All of the parties interested consent to the granting of this application.   While this consent would not confer jurisdiction on the surrogate, when no jurisdiction existed (*Matter of Schaefer*, 112 Misc. Rep. 308), I am of the opinion that this case presents unusual circumstances which warrant the surrogate in disposing of the matter.   *Matter of Goldfarb*, 93 Misc. Rep. 401; *Matter of Schleif*, 169 N. Y. Supp. 814.   Application granted.   Order signed.

Ordered accordingly.