In the Matter of the Judicial Settlement of the Account of Proceedings of FRANCIS W. MURRAY, JR., and JOSEPH MERRITT, as Trustees under the Last Will and Testament and Codicil of GEORGE W. MURRAY, Deceased.

*Surrogate's Court, Orange County, February 26, 1927.*

**Surrogate's Court — jurisdiction — application by executors and trustees for direction as to propriety of sale of bank stock — Surrogate's Court Act, § 215, does not give surrogate authority to give advice to trustees as to sale — § 314, subd. 6, does not mean that provisions of § 215, for control of administrator or executor, apply to trustees — § 40, subd. 3, not applicable.**

This application by the executors and trustees of the estate of a testator, who owned certain bank stock, for advice and direction as to the propriety of the sale of said stock, must be denied, for the Surrogate's Court is without authority to advise and give directions in any matter affecting trustees.

Subdivision 3 of section 40 of the Surrogate's Court Act, authorizing the surrogate " to direct and control the conduct * * * of testamentary trustees " gives the surrogate power to require by order testamentary trustees to perform any duty imposed upon them by statute or by the Surrogate's Court under the authority of a statute; said provision does not grant power to the surrogate to give direction in this case because of lack of any statutory provision.

The power to advise and give direction granted by section 215 of the Surrogate's Court Act is limited to an executor or administrator and does not include testamentary trustees.

Subdivision 6 of section 314 of the Surrogate's Court Act cannot be construed to mean that the provisions of section 215 of that act, for the control of an administrator or an executor, shall apply to trustees.

PROCEEDING for judicial settlement of account of trustees and for advice and direction as to the propriety, price, manner and time of sale of certain bank stock.

*Henry B. Merritt*, for the trustees.

*Safford A. Crummey*, for the beneficiaries.

SMITH, S.   The testator was the owner of stock in the National Bank of Orange County and the Goshen National Bank and his will made provision for the sale of such stock as follows:

"*Eighth.* I do hereby nominate, constitute and appoint my Nephew Francis W. Murray, of New York City, to be the sole Executor and Trustee of and under this my Last Will and Testament, and I hereby give to such Executor and Trustee full power and authority, in his good judgment and discretion to lease and to sell and convey any and all real estate which I may die seized and possessed of, and to give good and sufficient deed or deeds therefor to the purchaser or purchasers thereof and from time to time to

invest and re-invest any moneys belonging to my Estate in such securities as he may deem safe, but it is my Will and I so direct, that such investments as I may have at the time of my decease in stocks and bonds of corporations, Banks and trust companies be held and retained (during the life time of my two daughters) by my said Executor and Trustee, and that the same be not disposed of by him without the written consent of the persons who may then be the President and Cashier of the National Bank of Orange County. It being my purpose and intention that my said Executor and Trustee shall hold and retain such securities in the said Corporations above mentioned for the best interests of my Estate and of such corporations until such time, or times as my said Executor and Trustee and the then President and Cashier of the National Bank of Orange County shall deem it best and advisable to dispose of the same."

By a codicil duly admitted to probate, he appointed Joseph Merritt as an executor and trustee of such will with the same powers granted to said Francis W. Murray.

The trustees apparently deem it advisable to sell such bank stock because of the double liability provided for by statute, and for other reasons, and have made due application for advice and direction as to the propriety, price, manner and time of sale thereof.

The beneficiaries of the trust object to such sale, and claim that the Surrogate's Court is without power to entertain such application.

The fact that one of the trustees of this estate is also president of the National Bank of Orange County and one of the officers whose consent to such sale must be obtained by the trustees and that the other trustee is a director in the same bank, presents an unusual circumstance which would warrant the surrogate in acting (*Matter of Kraus*, 120 Misc. 21) provided authority to do so is found.

The trustees concede that the application is founded on principle upon section 215 of the Surrogate's Court Act and claim that the court has power " to direct and control the conduct * * * of testamentary trustees " (Surrogate's Court Act, § 40, subd. 3), and that the expression " testamentary trustee " includes an executor or administrator where he is acting in the execution of a trust created by the will which is separable from his functions as executor or administrator. (Surrogate's Court Act, § 314, subd. 6.)

The power to advise and give direction granted by section 215 of the Surrogate's Court Act is limited to an executor or administrator and does not include testamentary trustees. My attention has not been directed to any case which holds that the section may be applied to trustees and I have not been able to find any case to that effect.

Supreme Court, March, 1927.                    [Vol. 128

Subdivision 3 of section 40 of the Surrogate's Court Act authorizing the surrogate " to direct and control the conduct * * * of testamentary trustees " gives the surrogate power to require by order testamentary trustees to perform any duty imposed upon them by statute or by the Surrogate's Court under the authority of a statute. This power can only be exercised in the cases and in the manner prescribed by statute. (*Matter of Woodward*, 28 Misc. 602; *Matter of Van Dermoor*, 42 Hun, 326; *Matter of Spaulding*, 112 Misc. 317; *McQuaide* v. *Perot*, 223 N. Y. 75.) This section does not grant the surrogate power to give direction in this case because of lack of any statutory provision.

Subdivision 6 of section 314 of the Surrogate's Court Act cannot be construed to mean that the provisions of section 215 of that act for the control of an administrator or executor shall apply to trustees.

For the reasons above set forth, I am of the opinion that the surrogate is without power to give advice and direction in this matter and will adhere to that opinion unless, on appeal, the right to do so is determined.

The remaining issues raised by the objections will be determined in the usual manner, and a decree entered in accordance herewith.