In the Matter of the Estate of JAMES STUART COLEMAN, Deceased.

Surrogate's Court, Richmond County, January 10, 1934.

*L. W. & A. B. Widdecombe*, for the petitioners.

*Joseph A. McKinney*, special guardian.

SMITH, S. One James Stuart Coleman prepared his own will, by the terms of which he gave nine legacies of various amounts from $500 to $2,200, one legacy of $200 and two legacies of $100 each, and then provided: " And if the amount of the estate shall be less than the bequests it is to be deducted from the 9 amounts above $200 *pro rata*, and if it amounts to more than these bequests it is to be added to all the bequests (except William L. Flake) *pro rata*."

The language seems clear as to what the testator intended done with his estate, viz.: That the three legacies, one of $200 and two of $100 each, should be first paid, either in full or *pro rata*, if the amount of the estate was insufficient to pay the combined amount, and that the nine legacies should be paid from any remainder, in full if possible, and *pro rata* if not, and that all of

the legacies were to be increased, except the legacy to William L. Flake, if the amount of the net estate was in excess of the amount of the legacies given; and the terms of said will constitute a valid gift of all of the net estate for division.

As to the request for authorization to sell a bond and mortgage, owned by the testator at the time of his death, at a discount, or to authorize a compromise of future payments required by the terms thereof to be made upon the same, I consider the request premature.

A proceeding to procure the advice and direction of a surrogate is a proceeding independent of a probate proceeding and to be brought only in the course of the administration of an estate by an executor to whom letters have been issued after probate of the will and compliance with the Surrogate's Court Act as to matters to be performed before letters are issued.

An executor has no substantial power of administration until the Surrogate's Court has issued to him evidence of his title and his right in the form of letters testamentary. Also, any such authorization and direction is sparingly exercised by the surrogate and only in exceptional cases. (*Matter of Rosenberg*, 145 Misc. 581, at p. 583.) And when the question is only one of business judgment, the application will be denied unless facts are alleged which show that the conditions are so unusual that it is not safe for the representative to proceed in the ordinary business way. (*Matter of Goldfarb*, 93 Misc. 401.) An application for authorization to compromise a debt can likewise only be made by an executor upon whom the Surrogate's Court has placed its stamp of approval by the issuing of letters to him, and any authority given to an executor under section 213 of the Surrogate's Court Act is not final adjudication, for upon a final settlement of an executor's accounts any compromise may be contested and fraud shown.

The duties and responsibilities of a representative in relation to an application to compromise a claim are set forth very clearly in 3 Heaton on Surrogate's Courts ([5th ed.] 138) as follows: " It is not in every case where the representative desires to settle or compromise a claim that application to the Surrogate for permission to do so should be made. The executor or administrator is appointed for the purpose of conducting the business of the estate and of exercising a careful and intelligent judgment as to such business. Unless the matter is of very great importance and he considers that there are questions involved upon which he ought to take the advice of the surrogate, the representative should assume the responsibility which attaches to his office and act upon his own best judgment. Where such an application is made to

the surrogate, the order permitting a settlement or compromise furnishes no absolute protection to the representative, since any party interested in the final settlement of the estate may show on such settlement that such debt or claim was fraudulently or negligently compromised or compounded."

Application for authority to sell bond and mortgage or to compromise payments to become due thereon denied for the reason that application was brought before petitioners were authorized by statute to make such application; will admitted to probate upon the testimony of the subscribing witnesses and to be construed as hereinbefore stated.

Enter decree accordingly.